UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONI FONTENOT | * | CIVIL ACTION NO. 2:16-CV-84 |
| | * | |
| v. | * | |
| | * | JUDGE BROWN |
| SAFETY COUNCIL OF SOUTHWEST | * | |
| LOUISIANA | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

**************************************************************************

## ORDER

In this litigation, Plaintiff Joni Fontenot ("Fontenot") alleges that her employer, Safety Council of Southwest Louisiana ("Safety Council"), is paying her lower wages compared to those of a male employee who performed substantially the same work, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).[1] Fontenot also alleges that she was retaliated against by Safety Council after she complained about the discrimination, in violation of 29 U.S.C. § 215.[2] Before the Court is Safety Council's "Motion to Strike."[3] Having considered the pending motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny Safety Council's "Motion to Strike."

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] Rec. Doc. 37.

1

## I. Background

*A.    Factual Background*

Safety Council is a non-profit 501(c)3 organization dedicated to cost effective services for Southwest Louisiana industrial and contractor businesses.[4] Joni Fontenot is a female employed by Safety Council in the position of Chief Operating Officer.[5] Fontenot began in this position upon entering into a three-year contract on October 19, 2011.[6] The terms of the agreement, including compensation and duties, are memorialized in the contract ("Employment Contract").[7] The Employment Contract was renewed for an additional three years on October 19, 2014, when neither party issued a statement of non-renewal under the terms of the Employment Contract.[8] Prior to Fontenot's employment as Chief Operating Officer, Robert J. McCorquodale ("McCorquodale") served as Chief Executive Officer of Safety Council.[9] McCorquodale served in this position from 2005 to 2011.[10]

On November 10, 2015, Fontenot, through her attorney, made a demand on Safety Council that Safety Council was in violation of the EPA, 29 U.S.C. § 206(d)(1).[11] On January 19, 2016, Fontenot, through her attorney, filed suit against Safety Council alleging a violation of the EPA

---

[4] Joint Pretrial Statement (Rec. Doc. 24), at para. 7.

[5] *Id.* at paras. 3, 7.

[6] *Id.* at para. 7.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

and further alleging that Safety Council retaliated against her after her assertion of her EPA claim.[12]

Specifically, Fontenot alleges that Safety Council provided her with a lower compensation package, including a lower salary, smaller incremental increases in salary, and fewer benefits than her male predecessor, McCorquodale, despite the fact that their job responsibilities were substantially equal.[13] Fontenot further alleges that Safety Council's discriminatory practices are "fixed, systematic, and continuing in nature," which she asserts is evidence of a willful violation of the law, and thus expands the statute of limitations for an EPA claim from two years to three years.[14] Finally, Fontenot alleges that Safety Council retaliated against her after she raised the issue of an EPA violation by "beginning to treat her differently and refusing to pay her a bonus for the year of 2015," despite the fact that she had received a bonus each year prior.[15] Fontenot seeks damages equivalent to the amount of wages and benefits withheld, an equal amount in liquidated damages, reasonable attorney's fees, costs associated with this litigation, and compensatory and punitive damages related to Safety Council's retaliatory activity.[16] On January 26, 2016, after filing her Complaint, Fontenot received a $6,000 bonus for the year 2015.[17]

On February 23, 2016, Safety Council filed an Answer to the Complaint, denying the allegations and alleging affirmative defenses.[18] Specifically, Safety Council alleges that Fontenot

---

[12] *Id.*

[13] Rec. Doc. 1 at para. 10.

[14] *Id.* at para. 11.

[15] *Id.* at para. 13.

[16] *Id.* at paras. 12, 15.

[17] Rec. Doc. 24 at para. 7.

[18] Rec. Doc. 4.

failed to state a claim upon which relief may be granted; that there is a two-year limitations period for an EPA claim; that any pay differential between Fontenot and her predecessor was the result of a voluntary agreement by Fontenot; that any pay differential between Fontenot and her predecessor was based on factors and circumstances other than gender; and that the claims alleged in the Complaint are barred, in whole or in part, by the EPA's affirmative defense precluding liability for unequal pay that results from compensation differentials based on factors other than sex.[19]

## B. *Procedural Background*

On January 19, 2016, Fontenot filed her Complaint against Safety Council in the Western District of Louisiana.[20] The case was assigned to Judge Minaldi in the Lake Charles Division.[21] Safety Council filed an Answer on February 23, 2016.[22] The case was set for trial on May 22, 2017.[23] On March 14, 2017, the trial date was continued until August 21, 2017.[24] The case was reassigned to Judge Brown of the Eastern District of Louisiana on March 15, 2017, with an order that the Local Rules of the Western District of Louisiana continue to apply to the case.[25]

On May 23, 2017, Safety Council filed a "Motion for Partial Summary Judgment" requesting the Court enter summary judgment in its favor that the two-year limitations period applies to Fontenot's claims because there is no evidence that Safety Council willfully violated the

---

[19] *Id.* at 3-4.

[20] Rec. Doc. 1.

[21] Rec. Doc. 2.

[22] Rec. Doc. 4.

[23] Rec. Doc. 10.

[24] Rec. Doc. 18.

[25] Rec. Doc. 19.

4

EPA.[26] On June 2, 2017, Fontenot filed a Memorandum in Opposition to Safety Council's "Motion for Partial Summary Judgment" alleging the existence of evidence supporting her claim that Safety Council willfully violated the EPA.[27] With leave of Court, Safety Council filed a reply in support of its "Motion for Partial Summary Judgment" on June 7, 2017.[28] The same day, Safety Council filed a "Motion to Strike" certain evidence presented by Fontenot in her Memorandum in Opposition to Safety Council's "Motion for Partial Summary Judgment."[29] Fontenot filed a Memorandum in Opposition on June 13, 2017.[30] With leave of Court, Safety Council filed a reply on June 19, 2017.[31]

## II. The Parties' Arguments

### A. *Safety Council's "Motion to Strike"*

In the motion, Safety Council moves to strike two pieces of evidence submitted by Fontenot in her response to Safety Council's "Motion for Partial Summary Judgment" on the issue of the proper limitations period to apply to Fontenot's EPA claim.[32] Specifically, Safety Council moves to strike the last full paragraph of Fontenot's affidavit because Safety Counsel alleges that it is not based on personal knowledge, but rather is based on hearsay.[33] Safety Council also moves to strike

---

[26] Rec. Doc. 28.

[27] Rec. Doc. 34.

[28] Rec. Doc. 36.

[29] Rec. Doc. 37.

[30] Rec. Doc. 40.

[31] Rec. Doc. 45.

[32] Rec. Doc. 37.

[33] *Id.* at 2.

5

the deposition of Joe A. Andrepont, as submitted by Fontenot, because it is a rough draft and "not certified as an accurate or complete transcription of Mr. Andrepont's sworn testimony."[34]

First, Safety Council argues that the last paragraph of Fontenot's affidavit should be stricken because it contains two hearsay statements.[35] The paragraph contains a statement about a conversation Fontenot had "a few years back," recounting what Greg Satterfield ("Satterfield"), a Safety Council board member, told her regarding Safety Council's setting of her predecessor's (McCorquodale) salary, and includes an excerpt of a "2004 Memo 'in the Safety Council's records.'"[36] Safety Council argues that both the statement by Satterfield and the quotation from the 2004 memorandum, referenced by Fontenot, are "statements" under Federal Rule of Evidence 801(a).[37] Safety Council contends that Fontenot is using these statements to prove facts not within her personal knowledge, and, thus, they are hearsay, not admissible at trial or in her affidavit.[38] Therefore, Safety Counsel asserts that the statements are not proper summary judgment evidence pursuant to Federal Rule of Civil Procedure 56.[39] Safety Council further contends that Rule 56 does not allow for an affiant to testify "as to her subjective conclusions about the import of hearsay statements."[40] Safety Council also avers that Satterfield is "the best and only source of testimony concerning facts within his personal knowledge," noting that he is a potential testifying witness

---

[34] *Id.*

[35] *Id.*

[36] Rec. Doc. 37-1 at 3–4.

[37] *Id.* at 4.

[38] *Id.*

[39] *Id.*

[40] *Id.* (citing *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 113 F. Supp. 3d 924, 935 (W.D. Tex. 2015); *Wyant v. Burlington N. Santa Fe R.R.*, 210 F. Supp. 2d 1263 (N.D. Ala. 2002)).

6

and has provided deposition testimony in this case which contradicts the hearsay statement Fontenot included in her affidavit.[41]

Second, Safety Council argues that the rough draft of the transcript of the deposition of Joe A. Andrepont should be stricken from the record.[42] Safety Council contends that the rough draft is facially incompetent evidence because it "is not certified as an accurate or complete transcription of Mr. Andrepont's sworn testimony."[43] Safety Council points to the document's disclaimer regarding the draft's accuracy, particularly the statement that "it is not for official use."[44] Safety Council contends that this would not be admissible at trial and moves the Court to strike the rough draft from the record.[45]

### B. *Fontenot's Opposition to Defendant's "Motion to Strike"*

In response, Fontenot claims that the statements she made in the last paragraph of her affidavit are not hearsay because they should be considered "an opposing party's statement" under the hearsay exception in Federal Rule of Evidence 801(d)(2).[46] Fontenot cites evidence that Satterfield is and was on the board of directors for Safety Council, and was "Council President during the applicable time."[47] This, Fontenot contends, creates an agency relationship between Satterfield and Safety Council.[48] In support, Fontenot cites a decision by a district judge in the

---

[41] *Id.* (citing Rec. Doc. 34-7).

[42] *Id.* at 5.

[43] *Id.*

[44] *Id.* (citing Rec. Doc. 34-2 at 337-38).

[45] *Id.*

[46] Rec. Doc. 40 at 2–5.

[47] *Id.* at 2 (citing Exhibits 9, 6 at 5–6 to Rec. Doc. 34).

[48] *Id.* at 2, 5.

District of Connecticut, *Nyack v. Southern Connecticut State University*.[49] According to Fontenot, in *Nyack*, the court stated that a party seeking to admit a vicarious admission must demonstrate: (1) the existence of an agency relationship between the declarant and the opposing party; (2) that the statement was made during the course of the agency relationship; and (3) that the statement relates to a matter within the scope of the agency relationship.[50] Fontenot argues that Satterfield was an agent of Safety Council making a statement during the course, and within the scope, of his agency relationship with Safety Council.[51] Fontenot contends that as the president of Safety Council, Satterfield had the responsibility under its by-laws for the pay of McCorquodale.[52]

Fontenot asserts the same arguments regarding the memo of McCorquodale.[53] Fontenot claims that McCorquodale acted as Safety Council's Chief Executive Officer and "recognized the responsibility of the Safety Council."[54] Therefore, Fontenot contends that statements McCorquodale made in his 2004 memorandum about his salary are not hearsay.[55]

Addressing the rough draft of Joe Andrepont's deposition transcript, Fontenot states that she has filed a motion to substitute the final deposition transcript of Joe Andrepont for the rough draft with no opposition from Safety Council.[56] Fontenot avers that in her Opposition to Safety Council's "Motion for Partial Summary Judgment" she noted that she had not had a full

---

[49] *Id.* at 2-5 (citing 424 F. Supp. 2d 370, 374–75 (D. Conn. 2006)).

[50] *Id.*

[51] *Id.* at 5.

[52] *Id.* at 2

[53] *Id.* at 5.

[54] *Id.*

[55] *Id.*

[56] *Id.*

opportunity to conduct discovery but that the discovery schedule has been set by coordination with counsel for Safety Council in good faith.[57]

## C.  *Safety Council's Reply in Support of Its "Motion to Strike"*

In its reply, Safety Council contends that directors and officers are not agents of a corporation.[58] Safety Council argues it is Fontenot's burden to demonstrate the existence of an agency relationship between declarants Satterfield and McCorquodale, and Safety Council.[59] Safety Council cites the Restatement (Third) of Agency § 1.01 (2006) for the proposition that directors are not agents of the corporation, highlighting the statement that: "directors' ability to bind the corporation is invested in the directors as a board, not in individual directors acting unilaterally."[60] Safety Council also cites Louisiana law for the proposition that "an officer, director or employee of a corporation is not an 'agent' of the corporation, absent an express resolution."[61] Safety Council avers that there is not a validly adopted resolution by Safety Council with respect to any statements or actions by Satterfield or McCorquodale, and therefore their out-of-court statements are not considered "vicarious admissions," and thus, are hearsay.[62] Safety Council further questions whether the statements in McCorquodale's memo were even made as Satterfield testified in his deposition that he never discussed the subject matter with McCorquodale.[63]

---

[57] *Id.*

[58] Rec. Doc. 45 at 1.

[59] *Id.* at 2.

[60] *Id.* at 2.

[61] *Id.* at 3 (citing *Marsh Inv. Corp. v. Langford*, 490 F. Supp. 1320 (E.D. La. 1980)).

[62] *Id.*

[63] *Id.*

9

## III. Law & Analysis

*A.     Applicable Law*

A motion for summary judgment is governed by Federal Rule of Civil Procedure 56. A party must support its assertions that a fact is genuinely disputed by citing to particular parts of materials in the record, including depositions, affidavits, or declarations.[64] An affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.[65] A party may object that material cited by a party cannot be presented in a form that would be admissible in evidence.[66]

*B.     Analysis*

Safety Council argues that the following paragraph of Fontenot's affidavit should be stricken from the record:

> Greg Satterfield sat on the board of directors when I was hired as Chief Operating Officer. A few years back, he told me that when Robert McCorquodale began as Chief Executive Officer of the Safety Council, the Safety Council adjusted his salary due to concerns about the disparity of pay between what the Safety Council paid his predecessor, who was a woman named Madelyn Wills, and Robert McCorquodale. His description to me was consistent with the description I read on the 2004 Memo in the Safety Council's records that states:
>> …When the original contract was agreed to, everyone agreed that the pay was low for the job but we also recognized that if we paid what it was worth we could face a problem with Madelyn [Wills] so the benefits were used to offset the low income. That is behind us and I am comfortable with the pay level albeit I am limited to what I can save.

---

[64] Fed. R. Civ. P. 56(c)(1).

[65] *Id.* at 56(c)(4).

[66] *Id.* at 56(c)(2).

> See Ex. 8 to the Memorandum in Opposition to defendant's Motion for Summary Judgment.[67]

### 1. Satterfield's Statement

First, Safety Council argues that Satterfield's statement should be stricken from Fontenot's affidavit because it is hearsay.[68] Fontenot argues that the statement is not hearsay because it is a statement made by an agent of Safety Council on a matter within the scope of that relationship and while it existed.[69] Safety Council contends that Satterfield is not an agent of Safety Council because a director is not an agent of a corporation absent an express resolution of Safety Council, which it contends does not exist.[70]

The Court notes that the parties contest whether Satterfield is an agent for purposes of Federal Rule of Evidence 801(d)(2)(D). However, the Court need not resolve this issue because Federal Rule of Civil Procedure 56(c)(4) requires only that the facts set out in the affidavit would be admissible at trial.[71] Here, both parties state that Satterfield is a potential witness at trial.[72] Fontenot has stated that she will call Satterfield as a witness and question him about the alleged conversation, which she assumes he will deny took place.[73] She contends that she will then take the stand to contradict his testimony.[74] Under this situation, Satterfield's statement would be

---

[67] Rec. Doc. 34-10 at 2.

[68] Rec. Doc. 37 at para. 4.

[69] Rec. Doc. 40 at 5.

[70] Rec. Doc. 45 at 2-3.

[71] Fed. R. Civ. P. 56(c)(4).

[72] Rec. Doc. 40 at 2 ("J. Fontenot will call Satterfield as a witness."); Rec. Doc. 37-1 at 4 ("…Mr. Satterfield is a potential testifying witness in this case….").

[73] Rec. Doc. 40 at 2.

[74] *Id.*

admissible under Federal Rule of Evidence 613(b), Extrinsic Evidence of a Prior Inconsistent Statement, since both parties will have the opportunity to examine Satterfield on the subject. Accordingly, for the purpose of Safety Council's "Motion for Partial Summary Judgment"[75] the Court will not strike Satterfield's statement in the last paragraph of Fontenot's affidavit.

### 2. McCorquodale's Statement

Safety Council argues that the statement made by McCorquodale and included in Fontenot's affidavit is hearsay and questions whether the statement was even made.[76] Fontenot argues that the statement is not hearsay because it is a vicarious admission of an opposing party under Federal Rule of Evidence 801(d)(2)(D).[77] The memorandum is attached as Exhibit 8 to Fontenot's Memorandum in Opposition to Safety Council's "Motion for Partial Summary Judgment."[78] The document appears to have the letterhead of McCorquodale and Safety Council across the top of the pages.[79] The memorandum is addressed to the president of Safety Council, Ron Phelps, with a date of November 24, 2004, and "Revised after discussions" date of December 2004.[80] The subject of the memorandum is "Contract suggestions."[81]

Under Federal Rule of Evidence 801(d)(2)(D), a statement is not hearsay if it is offered against an opposing party and was made by the party's agent or employee on a matter within the

---

[75] Rec. Doc. 28.

[76] Rec. Doc. 45 at 3.

[77] Rec. Doc. 40 at 5.

[78] Rec. Doc. 34-9.

[79] *See id.*

[80] *Id.*

[81] *Id.*

12

scope of that relationship and while it existed.[82] Here, the statement is offered against an opposing party, Safety Counsel, and it was made by the party's agent or employee, McCorquodale, during his employment with Safety Council.[83] Moreover, the contents of the memorandum address McCorquodale's compensation for his position with Safety Council, thus McCorquodale's statements were made on a matter within the scope of his relationship with Safety Council.[84] Thus, the Court finds that McCorquodale's 2004 memorandum is not hearsay under Rule 801(d)(2)(D). As this evidence would be admissible at trial, the Court will not strike this portion from Fontenot's affidavit.

### 3. Personal Knowledge

Safety Council also suggests that because the statements in the paragraph at issue are "used to prove up facts not within the personal knowledge of the affiant…, they have no place in the affidavit," pursuant to Federal Rule of Civil Procedure 56.[85] Rule 56 requires that an affidavit be made on personal knowledge.[86] Federal Rule of Evidence 602 allows a witness to testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter, which may be supported by the witness's own testimony. "This rule does not govern the situation of a witness who testifies to a hearsay statement as such, if he has personal

---

[82] Fed. R. Evid. 801(d)(2)(D).

[83] Prior to entering into the position of Chief Executive Officer in 2005, McCorquodale held the head executive position for Safety Council, beginning in 2001. *See* Safety Council's Memorandum in Opposition to Plaintiff's "Motion for Partial Summary Judgment" (Rec. Doc. 33) at 2.

[84] *See Booth v. Intertrans Corp.*, Civ. A. No. 94-2359, 1995 WL 324631, at *6 (E.D. La. May 26, 1995) ("[Declarant's] salary and the basis for his raise are matters within the scope of his employment, so his statements are admissible under Fed. R. Evid. 801(d)(2)(D).").

[85] Rec. Doc. 37-1 at 4.

[86] Fed. R. Civ. P. 56(c)(4).

13

knowledge of the making of the statement."[87] In the affidavit, Fontenot makes statements about an alleged conversation of which she was a participant and a portion of a memorandum that she read and has offered into evidence.[88] The statements Fontenot makes in this paragraph are made on her personal knowledge based on her participation in the conversation and her reading of the 2004 Memorandum.

Because Safety Council has not met its burden to prove that the contested statements in the last paragraph of Fontenot's affidavit cannot be presented in a form that would be admissible in evidence, the Court denies the "Motion to Strike" as to the last paragraph of Fontenot's affidavit.

### 4. Rough Draft of Deposition Transcript

Safety Council contests the submission of a rough draft of the transcript of Joe A. Andrepont's deposition testimony as facially incompetent evidence.[89] The Court has granted Fontenot's unopposed motion to substitute the final copy for the rough draft.[90] Accordingly, Safety Council's "Motion to Strike" as to the rough draft is denied as moot.

### IV. Conclusion

For the foregoing reasons, the Court will not strike the last paragraph of Fontenot's affidavit because Safety Council has not met its burden to show that the facts set out in that paragraph would not be admissible at trial, and because Fontenot's statements in that paragraph are based on personal knowledge. Thus, the Court denies Safety Council's "Motion to Strike" regarding the contested statements made in Fontenot's affidavit. The Court also denies as moot,

---

[87] Fed. R. Evid. 602 advisory committee's notes on proposed rules.

[88] Rec. Doc. 34-10 at 2.

[89] Rec. Doc. 37-1 at 5.

[90] *See* Rec. Doc. 42.

Safety Council's "Motion to Strike" regarding the rough draft of Joe A. Andrepont's deposition transcript, as the final copy has been substituted, with leave of Court.

**IT IS ORDERED** that Safety Council's "Motion to Strike" is **DENIED** to the extent that it requests that the Court strike the last paragraph of Fontenot's affidavit.

**IT IS FURTHER ORDERED** that Safety Council's "Motion to Strike" is **DENIED as MOOT** to the extent that it requests the Court to strike the rough draft of the deposition transcript of Joe A. Andrepont.

**NEW ORLEANS, LOUISIANA,** this 23rd day of June, 2017.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **UNITED STATES DISTRICT JUDGE**