UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONI FONTENOT** | * | **CIVIL ACTION NO. 2:16-CV-84** |
| | * | |
| **v.** | * | |
| | * | **JUDGE BROWN** |
| **SAFETY COUNCIL OF SOUTHWEST LOUISIANA** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE KAY** |
| | * | |
| | * | |

*************************************************************************

## ORDER

In this litigation, Plaintiff Joni Fontenot ("Fontenot") alleges that her employer, Safety Council of Southwest Louisiana ("Safety Council"), is paying her different wages compared to those of a male employee who performed substantially the same work, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).[1] Fontenot also alleges that Safety Council retaliated against her after she complained about the discrimination, in violation of 29 U.S.C. § 215.[2] Before the Court is Safety Council's "Motion to Realign the Parties" in which Safety Council contends that it has the burden of proof for the remaining issues at trial and requests that the Court reorder the presentation of proof at trial so that Safety Council presents first.[3] Having considered the pending motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies Safety Council's "Motion to Realign the Parties."

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] Rec. Doc. 64.

1

# I. Background

## A. *Factual Background*

Safety Council is a non-profit 501(c)(3) organization dedicated to cost effective services for Southwest Louisiana industrial and contractor businesses.[4] Fontenot is a female employed by Safety Council in the position of Chief Operating Officer ("COO").[5] Fontenot began in this position upon entering into a three-year contract on October 19, 2011.[6] The terms of the agreement ("Employment Contract"), including compensation and duties, are memorialized in the contract.[7] Fontenot was offered a starting salary of $95,000.[8] The Employment Contract was renewed for an additional three years on October 19, 2014, when neither party issued a statement of non-renewal under the terms of the Employment Contract.[9]

Prior to Fontenot's employment as COO, Robert J. McCorquodale ("McCorquodale") served as Chief Executive Officer ("CEO") of Safety Council.[10] McCorquodale served in this position from 2005 to 2011.[11] McCorquodale's 2005 contract set his base salary at "$89,426.53 to be increased by 3% January 1[,] 2005 and each January 1st thereafter by a minimum of 3% up to 6% depending on the financial condition of the Safety Council upon approval by the President of

---

[4] Joint Pretrial Statement (Rec. Doc. 24) at para. 7.

[5] *Id.* at paras. 3, 7.

[6] *Id.* at para. 7.

[7] *Id.*

[8] Rec. Doc. 33 at 4; Rec. Doc. 27-2 at 11.

[9] Rec. Doc. 24 at para. 7.

[10] *Id.*

[11] *Id.* Safety Council contends that McCorquodale was Safety Council's "head executive" beginning in 2001 and entered into the position of CEO in 2005. Rec. Doc. 33 at 2.

the Executive Board."[12] In 2009, McCorquodale's W-2 reflected that he earned $165,480.02,[13] and, in 2010, his W-2 reflected that he earned $165,431.37.[14] Safety Council asserts that McCorquodale resigned in 2011 after Safety Council discovered that McCorquodale had been paying himself unauthorized amounts unbeknownst to Safety Council's executive board.[15]

On November 10, 2015, Fontenot, through her attorney, made a demand on Safety Council, asserting that it was in violation of the EPA, 29 U.S.C. § 206(d)(1).[16] On January 19, 2016, Fontenot, through her attorney, filed suit against Safety Council alleging a violation of the EPA and further alleging that Safety Council retaliated against her after she complained of discrimination.[17]

Specifically, Fontenot alleges that Safety Council provided her with a lower compensation package, including a lower salary, smaller incremental increases in salary, and fewer benefits, than her male predecessor, McCorquodale, despite the fact that their job responsibilities were substantially equal.[18] Fontenot further alleges that Safety Council's discriminatory practices are "fixed, systematic, and continuing in nature," which she alleges is evidence of a willful violation of the law, and thus expands the statute of limitations for an EPA claim from two years to three years.[19] Finally, Fontenot alleges that Safety Council retaliated against her after she raised the issue

---

[12] Rec. Doc. 33-4 at 296.

[13] Rec. Doc. 27-8.

[14] Rec. Doc. 27-9.

[15] Rec. Doc. 33 at 2-3.

[16] Rec. Doc. 24 at para. 7.

[17] *Id.*

[18] Rec. Doc. 1 at para. 10.

[19] *Id.* at para. 11.

of an EPA violation by "beginning to treat her differently and refusing to pay her a bonus for the year of 2015," despite the fact that she had received a bonus each year prior.[20] Fontenot seeks damages equivalent to the amount of wages and benefits withheld, an equal amount in liquidated damages, reasonable attorney's fees, costs associated with this litigation, and compensatory and punitive damages related to Safety Council's retaliatory activity.[21] On January 26, 2016, after filing her Complaint, Fontenot received a $6,000 bonus for the year 2015.[22]

## B.     *Procedural Background*

On January 19, 2016, Fontenot filed her Complaint against Safety Council in the Western District of Louisiana.[23] The case was assigned to Judge Minaldi in the Lake Charles Division.[24] Safety Council filed an Answer on February 23, 2016.[25] The case was set for trial on May 22, 2017.[26] On March 14, 2017, the trial date was continued to August 21, 2017.[27] The case was reassigned to Judge Brown of the Eastern District of Louisiana on March 15, 2017, with an order that the Local Rules of the Western District of Louisiana continue to apply to the case.[28] On July 13, 2017, the Court continued the trial date to August 28, 2017.[29]

---

[20] *Id.* at para. 13.

[21] *Id.* at paras. 12, 15.

[22] Rec. Doc. 24 at para. 7.

[23] Rec. Doc. 1.

[24] Rec. Doc. 2.

[25] Rec. Doc. 4.

[26] Rec. Doc. 10.

[27] Rec. Doc. 18.

[28] Rec. Doc. 19.

[29] Rec. Doc. 65

On May 23, 2017, Fontenot filed a "Motion for Partial Summary Judgment" seeking summary judgment on two issues: (1) that she had not waived her EPA claim; and (2) that she had presented a *prima facie* case of a violation of the EPA.[30] On the same day, Safety Council also filed a "Motion for Partial Summary Judgment" seeking summary judgment on the issue that the two-year limitations period would apply to Fontenot's EPA claim because there was no evidence that Safety Council willfully violated the EPA.[31] On June 28, 2017, the Court granted Fontenot's motion, entering summary judgment that Fontenot had not waived her EPA claim and that she had presented a *prima facie* case of a violation of the EPA.[32] The same day, the Court denied Safety Council's motion, finding there were genuine issues of material fact as to whether Safety Council willfully violated the EPA.[33]

Safety Council filed the instant "Motion to Realign the Parties" on July 14, 2017, requesting that the Court reorder the presentation of arguments and proof at trial so that Safety Council presents its defenses first.[34] Safety Council argues this is appropriate because it bears the initial burden at trial as Fontenot has already proven her *prima facie* case.[35] Fontenot filed a memorandum in response arguing that the order at trial should not be changed because there are issues remaining for which Fontenot maintains the burden of proof.[36] With leave of Court, Safety Council filed a reply reiterating its position that it is logical for Safety Council to present its case

---

[30] Rec. Doc. 27.

[31] Rec. Doc. 28. Safety Council filed this motion while maintaining that it did not violate the EPA.

[32] Rec. Doc. 49.

[33] Rec. Doc. 50.

[34] Rec. Doc. 64.

[35] *Id.*

[36] Rec. Doc. 69.

as to its affirmative defense before Fontenot presents evidence that Safety Council's proffered reasons for the pay differential were mere pretext for discrimination.[37]

## II. The Parties' Arguments

### A.  *Safety Council's Arguments in Support of its "Motion to Realign the Parties"*

Safety Council moves the Court to realign the parties so that at trial Safety Council may present its proof of non-discriminatory reasons for paying Fontenot differently than her predecessor, McCorquodale, before Fontenot presents evidence that those reasons are pretextual.[38] Safety Council argues that it is appropriate to realign the parties if the burden of proof has shifted from the plaintiff to the defendant.[39] Safety Council contends that in EPA cases, once a plaintiff proves her *prima facie* case, the burden of proof shifts to the defendant to "show by a preponderance of the evidence that the differential in pay was made pursuant to one of the [Equal Pay Act's] four enumerated exceptions."[40] Safety Council contends that if it meets this burden then the "burden of persuasion" shifts back to Fontenot to show that Safety Council's proffered reasons were mere pretext for discrimination.[41]

Under this burden-shifting framework, Safety Council claims that the initial burden at trial lies with Safety Council to prove it had legitimate, nondiscriminatory reasons for paying Fontenot and McCorquodale differently because the Court has already ruled that Fontenot has established

---

[37] Rec. Doc. 74.

[38] Rec. Doc. 64 at 2–3. .

[39] Rec. Doc. 64-1 at 3 (citing *Ericsson Inc. v. Harris Corp.*, 1999 WL 604827 (N.D. Tex. 1999).

[40] *Id.* at 4 (quoting *Barsch v. Nueces County*, 2016 WL 4785169, at *5 (S.D. Tex. 2016) (quoting *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 723 (5th Cir. 2011))) (internal quotation marks omitted). Safety Council distinguishes the burden-shifting framework under the EPA from the framework under a Title VII claim in that, under a Title VII claim, once a plaintiff has made a *prima facie* case, the defendant has the "burden of production" to produce evidence of a legitimate, nondiscriminatory reason, but the plaintiff always maintains the "burden of persuasion." Rec. Doc. 64-1 at 4.

[41] *Id.* at 2 (citing *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510 (5th Cir. 2008)).

her *prima facie* case under the Equal Pay Act.[42] Safety Council argues that it would be illogical for Fontenot to present her proof and arguments that Safety Council's reasons are mere pretext before Safety Council has had the opportunity to present to the jury what those reasons are.[43]

### B.     *Fontenot's Opposition to Safety Council's "Motion to Realign the Parties"*

Fontenot opposes Safety Council's motion because she contends that she still bears the burden of proof at trial as to whether Safety Council is subject to the EPA; whether Safety Council retaliated against Fontenot; whether Safety Council willfully violated the EPA; and as to the amount of damages and attorney's fees at issue.[44] Fontenot agrees with Safety Council's assertion that the Court may control the mode and order of examining witnesses and presenting evidence, pursuant to Federal Rule of Evidence 611(a), but claims that Safety Council's motion does not explain how allowing the defense to present first at trial would serve the purposes of Rule 611(a), *i.e.* to "make those procedures effective for determining the truth," "avoid wasting time," and "protect witnesses from harassment or undue embarrassment."[45] Citing a case from the Southern District of New York, Fontenot argues that it is not appropriate to allow the defendant to present its case first when the plaintiff still bears the burden of proof on some issues remaining in the case.[46]

---

[42] *Id.* at 2.

[43] *Id.* at 5.

[44] Rec. Doc. 69 at 1–2.

[45] *Id.* at 2 (citing Fed. R. Evid. 611(a)).

[46] *Id.* (citing *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, No. 14-8002, 2015 WL 5440694, at *13 (S.D.N.Y. Sept. 9, 2015)).

C.      *Safety Council's Reply in Support of its "Motion to Realign the Parties"*

In reply, Safety Council again argues that allowing the defendant to present its arguments and evidence as to its non-discriminatory reasons for the pay disparity before Fontenot presents her arguments and evidence that those reasons are pretext is "the only logical and effective way to determine the truth and avoid wasting time" because Fontenot has already proven her *prima facie* case.[47] Deferring to the Court's discretion, Safety Council suggests other ways to achieve a "fair presentation" under the posture of the case, such as by bifurcating the issues of the "non-gender factor/pre-text issue" and damages, or allowing Fontenot to present her opening and closing arguments first, while still allowing Safety Council to present its evidence as to its affirmative defenses before Fontenot presents her case on pretext.[48]

### III. Law & Analysis

Safety Council requests that the Court enter an order realigning the parties so that Safety Council will present its arguments and evidence as to its affirmative defenses to Fontenot's EPA claim before Fontenot presents her evidence that the proffered reasons are mere pretext for discrimination.[49] Fontenot contends that a reordering of presentation at trial is inappropriate because she still maintains the burden of proof as to some of the remaining issues in the case.[50]

Pursuant to Federal Rule of Evidence 611(a), the Court has the authority to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence" in order to: (1) "make those procedures effective for determining the truth;" (2) "avoid wasting time;"

---

[47] Rec. Doc. 74 at 1.

[48] *Id.* at 1–2.

[49] Rec. Doc. 64.

[50] Rec. Doc. 69.

and (3) "protect witnesses from harassment or undue embarrassment."[51] "[T]raditional notions of fairness favor giving the privilege of opening and closing to the party who carries the burden of proof."[52] However, "the matter of a court's allocation of the right to open and close … does not go to the merits of a controversy."[53] Thus, the decision as to which party has the right to open and close "rests with the sound discretion of the [Court]."[54]

Based on the briefing presented by the parties, it appears there are at least five issues that remain for trial: (1) whether Safety Council is subject to the EPA;[55] (2) whether Safety Council has an affirmative defense regarding the pay differential between Fontenot and McCorquodale;[56] (2) whether any violation of the EPA by Safety Council was "willful;" (3) whether Safety Council retaliated against Fontenot in response to her EPA claims; and (4) "the amount," if any, "of back pay due for" the alleged "violation of the [EPA] and retaliation," if proven.[57]

Fontenot still bears the burden of proof regarding her retaliation claim; whether any violation of the EPA by Safety Council was willful; and damages, if any.[58] As noted *supra*,

---

[51] Fed. R. Evid. 611(a).

[52] *United States v. 2, 353.28 Acres of Land*, 414 F.2d 965, 972 (5th Cir. 1969).

[53] *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981).

[54] *Id.*

[55] The Court notes that neither party raised this issue during the pendency of Fontenot's "Partial Motion for Summary Judgment" regarding her *prima facie* case or in any other motion filed by either party regarding the application of the EPA to Fontenot's claims.

[56] In its memorandum in support of its motion, Safety Council claims that if it meets its burden of production and persuasion as to an affirmative defense, then the burden of persuasion shifts back to Fontenot to show that the reasons proffered were mere pretext. Rec. Doc. 64-1 at 2. However, the court notes that Safety Council cited a Title VII case for this proposition, which, as Safety Council later argues, has a different burden-shifting framework than EPA cases. *See id.* at 4.

[57] *See* Rec. Docs. 69 and 64.

[58] *See e.g., Browning v. Sw. Research Inst.*, 288 F.App'x 170, 178 (5th Cir. 2008) (stating that a plaintiff must establish that she suffered an adverse employment action in an EPA retaliation claim); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990) (stating it is the plaintiff's burden to show that an employer willfully violated

9

"traditional notions of fairness favor giving the privilege of opening and closing to the party who carries the burden of proof."[59] Considering here, the plaintiff maintains the burden of proof over the majority of the remaining issues to be decided by the jury, the Court finds that maintaining the traditional order of presentation of arguments and proof at trial would be the most effective way to organize the trial.

Safety Council argues that presentation of evidence regarding pretext before presentation of Safety Council's reasons for the pay differential between Fontenot and McCorquodale would be illogical.[60] However, because Fontenot must still prove her retaliation claim, Safety Council's willfulness, and damages, it is likely that much of the evidence Fontenot might present to show pretext might also be presented to prove the remaining claims for which she has the burden of proof. Thus, restricting Fontenot from presenting evidence regarding pretext in her case-in-chief would obstruct the interests identified in Federal Rule of Evidence 611(a), namely to provide an effective procedure for determining the truth and to avoid wasting time. Moreover, the Court notes that Safety Council does not appear to object to Fontenot maintaining the right to present her opening and closing arguments before Safety Council.[61] For these reasons, the Court finds in its sound discretion that the interests identified in Federal Rule of Evidence 611(a) and traditional notions of fairness would be best served by allowing Fontenot to present all of the evidence in support of her claims in her case-in-chief and any rebuttal evidence after Safety Council has

---

the Fair Labor Standards Act). The EPA was incorporated into the Fair Labor Standards act at 29 U.S.C. § 206(d). 77 Stat. 57 (1963).

[59] *Acres of Land*, 414 F.2d at 972.

[60] Rec. Doc. 64-1 at 5.

[61] *See* Rec. Doc. 74 at 2 (suggesting that the Court could allow Fontenot to present her opening and closing arguments first).

10

presented evidence of its defenses. Accordingly, the Court will not reorder the presentation of arguments and proof at trial.[62]

### I. Conclusion

The Court finds that Fontenot still bears the burden of proof at trial on whether the EPA applies here; her retaliation claim; whether Safety Council willfully violated the EPA; and damages, if any. Thus, the Court will not reorder the presentation of opening and closing arguments and the presentation of evidence at trial. Accordingly,

**IT IS ORDERED** that Safety Council's "Motion to Realign the Parties" is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  21st   day of July, 2017.

                                                 *NANNETTE JOLIVETTE BROWN* (signature)
                                                 **NANNETTE JOLIVETTE BROWN**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[62] *See Ransom v. M. Patel Enters., Inc.*, No. A-10-CA-857 AWA, 2011 WL 5299699, at *2 (W.D. Tex. Nov. 4, 2011) (denying defendant's motion to open and close evidence because, *inter alia*, plaintiffs maintained burden of proof on some issues remaining for trial).