UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONI FONTENOT | * | CIVIL ACTION NO. 2:16-CV-84 |
| | * | |
| v. | * | |
| | * | JUDGE BROWN |
| SAFETY COUNCIL OF SOUTHWEST | * | |
| LOUISIANA | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

**************************************************************************

## ORDER

Before the Court is Plaintiff Joni Fontenot's ("Fontenot") "Motion in Limine to Exclude Testimony that Joni Fontenot was Happy with her Pay and Free to Reject the Offer of Employment."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

Fontenot is the Chief Operating Officer ("COO") of Defendant Safety Council of Southwest Louisiana ("Safety Council").[2] Fontenot filed suit against Safety Council on January 19, 2016, alleging that Safety Council paid her differently than her male predecessor in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and that Safety Council retaliated against her after she complained of discrimination.[3] On June 28, 2017, the Court granted Fontenot's motion for partial summary judgment, finding that Fontenot had proved a *prima facie* case of wage

---

[1] Rec. Doc. 55.

[2] Joint Pretrial Statement (Rec. Doc. 101) at 2–3.

[3] *Id.* at 3.

1

discrimination under the EPA.[4] On July 7, 2017, Fontenot filed the instant motion in limine.[5] Safety Council filed an opposition to the motion on July 21, 2017.[6]

## II. Parties' Arguments

### A. *Fontenot's Arguments in Support of the Motion in Limine*

Fontenot moves the Court to issue an Order excluding evidence, testimony and argument that she was happy with her pay as COO and free to reject Safety Council's offer of employment.[7] Fontenot argues that such evidence is not relevant to a defense against an EPA claim, including the affirmative defense that the plaintiff's pay was based on a factor other than sex.[8] Fontenot concedes that evidence of "bona fide negotiations" that result in a pay differential could be relevant to show that a factor other than sex was the basis of the pay differential,[9] but contends that such negotiations did not take place between Fontenot and Safety Council.[10] Fontenot argues that, because there were no bona fide negotiations in this case, the only reason to introduce evidence that she accepted the offer and was happy with her pay is to prejudice the jury against her.[11]

---

[4] Rec. Doc. 49 at 24.

[5] Rec. Doc. 55.

[6] Rec. Doc. 82.

[7] Rec. Doc. 55.

[8] Rec. Doc. 59 at 1–2.

[9] *Id.* at 3 (citing *Reznick v. Associated Orthopedics & Sports Med., P.A.*, 104 F. App'x 387, 391-92 (5th Cir. 2004)).

[10] *Id.* at 4–5 (citing the deposition testimony of Steven Morris, a member of the committee that hired and set Fontenot's salary, who stated that the committee considered and determined an offer outside of Fontenot's presence before presenting it to her).

[11] *Id.* at 5.

Fontenot argues that even if the Court finds that such evidence is relevant, its probative value is outweighed by "prejudice and confusion of the jurors."[12]

## B. *Safety Council's Arguments in Opposition to the Motion in Limine*

In opposition, Safety Council argues that evidence that Fontenot freely and voluntarily negotiated the terms of her employment is relevant to show whether Safety Council had a non-discriminatory reason for paying Fontenot differently than her predecessor.[13] Safety Council claims that the negotiations were one of several "gender-neutral" factors from which Safety Council based Fontenot's pay.[14] In deciding on a salary to offer Fontenot, Safety Council claims it considered Fontenot's experience and background, her salary at that time, a comparison of her predecessor's starting salary, a consideration of what her predecessor "should" have been making in his final year, and Safety Council's "desire to correct the excesses that had occurred under [her predecessor]."[15] Safety Council claims that after it determined its offer, it presented the offer to Fontenot who was given the opportunity to review the offer and contact Safety Council.[16] Safety Council cites Fontenot's deposition testimony to support the assertion that she was "thrilled" to get the job as COO. [17] Safety Council further asserts that Fontenot "acknowledged that she 'could have' raised the issue of being paid more" but could not "articulate any credible reason" for not

---

[12] *Id.* at 5–6.

[13] Rec. Doc. 82 at 3–4 (citing *Reznick*, 104 F. App'x at 391–92).

[14] *Id.* at 4.

[15] *Id.* at 5–8 (citing deposition testimony of members of Safety Council's executive board involved in hiring Fontenot). Safety Council attached the rough draft of the deposition transcript of executive board member Larry DeRoussel, indicating that it would move to supplement the record when it received the final draft. *See id.* at n.10. The disclaimer on the rough draft includes language that the transcript may not be accurate. *Id.* at Exh. B. Because the Court would come to the same conclusion regardless of whether it considered the deposition transcript, it need not address this issue.

[16] *Id.* at 9.

[17] *Id.*

3

negotiating other than that "she just wasn't 'comfortable.'"[18] Safety Council argues that "[t]he fact that [Fontenot] had the opportunity to evaluate [the offer]…, that she accepted it without any counteroffer whatsoever, and that she was extremely happy to receive the offer and the position are all relevant issues in this case."[19] Accordingly, Safety Council asserts that evidence that Fontenot negotiated and voluntarily agreed to the terms of her employment as COO is relevant and probative of a "legitimate, non-discriminatory" reason for any pay differential between Fontenot and her predecessor.[20]

### III.  Law & Analysis

#### A. *Legal Standard*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not admissible. Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[21] "Relevant evidence is inherently

---

[18] *Id*.

[19] *Id*.

[20] *Id.* at 10.

[21] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

4

prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[22]

## B. Analysis

Fontenot argues that the Court should exclude evidence that she was happy with her pay when she accepted Safety Council's offer of employment and that she was free to reject Safety Council's offer of employment.[23] Fontenot contends that such evidence is not relevant to Safety Council's defense against her EPA claim, because she did not participate in "bona fide" negotiations prior to accepting Safety Council's offer.[24] Fontenot further argues that such evidence would be prejudicial and confuse the jury.[25] In opposition, Safety Council argues that Safety Council engaged in negotiations with Fontenot, and therefore, evidence that she voluntarily accepted Safety Council's offer and was happy with the terms of her employment is relevant evidence as to its affirmative defense that her pay was based on factors other than sex.[26]

As the Fifth Circuit has recognized, evidence of negotiations that result in a pay differential between employees of the opposite sex could be relevant to establish an affirmative defense under the EPA that such a pay differential was based on a factor other than sex.[27] Although Fontenot contends that no "bona fide" negotiations took place,[28] Safety Council has indicated that it plans

---

[22] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[23] Rec. Doc. 59 at 1–5.

[24] *Id.*

[25] *Id.* at 6.

[26] Rec. Doc. 82 at 9.

[27] *Reznick*, 104 F. App'x at 391–92.

[28] Rec. Doc. 59 at 5.

5

to argue as part of its affirmative defense that negotiations did take place.[29] Therefore, evidence related to any negotiations between Safety Council and Fontenot, including whether she was happy with her pay and that she was free to reject Safety Council's offer, is potentially relevant to Safety Council's affirmative defense that it based Fontenot's pay on factors other than sex. Moreover, Fontenot has not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[30] Accordingly, the Court denies Fontenot's motion.

## IV. Conclusion

For the reasons stated above, evidence that Fontenot was happy with her pay and that she was free to reject Safety Council's offer of employment is relevant to Safety Council's affirmative defense that Fontenot's pay was based on factors other than sex. Fontenot has not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Accordingly,

**IT IS HEREBY ORDERED** that Fontenot's "Motion in Limine to Exclude Testimony That Joni Fontenot Was Happy with Her Pay and Free to Reject the Offer of Employment"[31] is **DENIED**.

New Orleans, Louisiana, this 8th day of August, 2017.

_____
NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[29] Rec. Doc. 82 at 10.

[30] *See* Fed. R. Evid. 403.

[31] Rec. Doc. 55.