UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONI FONTENOT | : | DOCKET NO. 2:16-cv-00084 |
| VERSUS | : | JUDGE BROWN |
| SAFETY COUNCIL OF SOUTHWEST LOUISIANA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Compel [doc. 54] filed by plaintiff Joni Fontenot ("Fontenot") which is opposed by defendant Safety Council of Southwest Louisiana ("Safety Council")[doc. 68]. For the following reasons, Fontenot's Motion to Compel is **GRANTED** in part and **DENIED** in part.

### I.
### BACKGROUND

Fontenot filed a Complaint against her former employer Safety Council alleging violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) and retaliation for complaining about the discrimination. Doc. 1.

On July 7, 2017 Fontenot filed the motion before the court seeking to compel answers to interrogatories and requests for production of documents. We will address each of these discovery requests in turn.

### II.
### LAW AND ANALYSIS

The court begins its analysis with the principle that the discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Hebert*

-1-

*v. Lando,* 441 U.S. 153, 177 (1979). Nevertheless, discovery does have boundaries, *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); and it is well established that the scope of discovery is within the sound discretion of the trial court. *Burns v Thiokol Chemical Corp.,* 483 F.2d 300, 304-05 (5th Cir.1973).

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. It states, in part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). With these precepts in mind we now turn to the specific discovery requests.

**Interrogatory No. 2: Please describe every document you believe relates to the facts alleged in this matter.**

Safety Council objects to this interrogatory as overbroad as it has no date or content parameters and is not proportional to the needs of the case. Subject to the objection, it refers Fontenot to all documents produced in response to the Requests for Production.

We agree that this interrogatory is overbroad in that it has no time or scope limitation and will deny plaintiff's motion to compel an answer to this Interrogatory No. 2.

**Request for Production No. 7: Other than bank statements and accompanying checks, if any, produce all documents respecting Iberia Bank since January 1, 2010.**

Safety Council objects to this interrogatory as overbroad and irrelevant. Fontenot, in her reply memorandum, argues that this request seeks information relative to her retaliation allegations. She asserts that after she became concerned about her salary, she began hearing

-2-

complaints about banking issues. She contends that minutes of board meetings that have not been produced show that the complaints are false.

Although Fontenot states in her memorandum that her request is limited as noted above, the request itself is not so limited and would require Safety Council to produce a host of information that could not be relevant to this matter, including, but not limited to, promotional materials and similar "documents respecting Iberia Bank" over the past six and one-half years.

We agree that this interrogatory is overbroad in that it is not limited to the issue identified by Fontenot in her motion. Accordingly we deny plaintiff's motion to compel an answer to this Interrogatory No. 7.

> **Request for Production No. 9:** Other than bank statements and accompanying checks, if any, produce all documents respecting Jeff Davis Bank since January 1, 2010.

The motion to compel a response to Request for Production No. 9 is denied for the same reason that we denied Fontenot's motion to compel a response to Request for Production No. 7.

> **Request for Production No. 19:** Produce all documents showing how much Mason Lindsey was paid in 2007, 2008, 2009, 2010 and 2011 and all the documents showing every factor utilized in determining Mason Lindsey's pay for those years.

Safety Council objects to this request as it seeks production of documents that are irrelevant and inadmissible. In her reply memorandum Fontenot asserts that this request seeks information relevant to pretextual methods of setting salaries and past prejudices regarding salaries. She argues that her salary was "overshadowed" by Lindsey's throughout the years that she and Lindsey were employed by Safety Council. She further asserts that deposition testimony establishes that Lindsey's salary was taken into consideration when setting her salary as Chief Operating Officer.

Although we clearly make no determination regarding admissibility, we nevertheless do find this request to be relevant to these proceedings. Accordingly, the court grants Fontenot's

motion to compel a response to Request for Production No. 19. Safety Council should produce any documents in its possession and, if no such documents exist, should so respond. We also note, however, that the information sought would otherwise be private to Mr. Lindsey and the parties should take necessary precautions to protect that information from public disclosure unless and until the court rules that it is to be admitted into evidence.

> **Request for Production No. 20:** **Produce all documents showing the responsibilities of Joni Fontenot and Mason Lindsey for the years 2007, 2008, 2009, 2010 and 2011 and how their pay was determined to reflect the disparity in their job[ ] responsibilities.**

Safety Council objects to this request for production as not relevant to this issues presented and not proportional to the needs of the case. Fontenot maintains that this evidence is necessary to "show how historical improper pay practices and to show how historical prejudices lead to continued pay differentials between men and women." Doc. 54, att. 1, p. 2.

The motion to compel a response to Request for Production No. 20 is granted for the same reason that we granted Fontenot's motion to compel a response to Request for Production No. 19.

> **Request for Production No. 23:** **Produce all documents that mention Robert J. McCorquodale and Madelyn H. Wills in the same document.**

Safety Council objects to this request because it seeks documents that are not relevant and not proportional to the needs of the case. Fontenot argues that when Wills retired and was replaced by McCorquodale she was given a payment of $25,000. Although the Safety Council denies this allegation, she contends that this payment was given as a result of concerns about unequal pay based on sex. Fontenot asserts that any evidence produced may tend to show a history of past sex discrimination and pretextual methods of setting salaries.

As written, we find that Request for Production No. 23 is overbroad. It has no time or content parameters and the motion to compel a response to Request for Production No. 23 is denied.

> **Request for Production No. 27.** **Produce all documents that indicate that the factors used in determining Joni Fontenot's pay as Chief Operating Officer have historically been used as factors in determining pay at the Safety Council.**

Safety Council objects to this request as irrelevant, vague, and ambiguous and as attempting to place a legal burden upon Safety Council which is inapplicable in this case. Subject to its objection, Safety Council answered that information on this issue has been obtained through deposition testimony. Fontenot argues that the information sought is relevant to whether or not a "system" existed and was used to determine salaries. In response, Safety Council argues that Fontenot's request does not specifically reference documents relating to a "system" as that term is used in the Equal Pay Act and that she is attempting to rewrite this request.

We find that the requested information is relevant to Safety Council's affirmative defense that recovery is precluded for unequal pay resulting from "factors other than sex." Doc. 4, p. 4 (Answer, Fifth Affirmative Defense). Fontenot's language in her request tracks that of the Safety Council and we do not find merit in the argument that she is attempting to rewrite the request for arguing that she is entitled to evidence of the affirmative defenses allowed by statue. Accordingly, the court grants Fontenot's motion to compel a response to Request for Production No. 27. Safety Council should produce any documents in its possession and, if no such documents exist, should so formally respond.

> **Request for Production No. 32:** **Produce every document created for, created at or resulting from any meeting or discussion respecting Joni Fontenot.**

Safety Council objects to this request as vague, overbroad, and irrelevant. Fontenot asserts that this request seeks relevant evidence regarding her claim of retaliation.

We agree that this interrogatory is overbroad in that it has no time or scope limitation and will deny plaintiff's motion to compel an answer to this Interrogatory No. 32.

> **Request for Production No. 33:  Produce every document that indicates that Joni Fontenot interfered in matters that were not within her authority.**

Safety Council objects to this request as vague, overbroad, and irrelevant. It argues that in response to Request for Production No. 29 it provided Fontenot with all written complaints made about her. Fontenot asserts that this request seeks relevant evidence regarding her claim of retaliation for complaining about her pay.

We find that this request is relevant to Fontenot's claim of retaliation and grant her motion to compel a response to Request for Production No. 33. Safety Council should produce any documents in its possession and, if no such documents exist, should so formally respond.

> **Request for Production No. 34:  Produce every document that indicates that Joni Fontenot failed to attend to matters that were her responsibility.**

Safety Council objects to this request as vague, overbroad, and irrelevant. Subject to its objection Safety Council produced certain documents it maintains are responsive to this request. In her reply memorandum Fontenot does not argue that the information submitted is insufficient. Therefore, we find that this request has been answered and deny the motion to compel.

> **Request for Production No. 49:  Provide every document regarding the implementation of plans to assure that the Safety Council did not violate the [E]qual [P]ay [A]ct.**

Safety Council objects to this request because it contends that the request attempts to place a legal burden upon Safety Council that is inapplicable to the case. Safety Council argues that

there is no requirement that it implement a plan to assure that the EPA was not violated. It contends that information of this type would be misleading and prejudicial to the jury.

Fontenot asserts that this information is sought in order to determine if board members were educated on or had knowledge of the EPA. She contends that this information is relevant in order to prove whether or not the Safety Council acted willfully in discriminating.

Although we clearly make no determination regarding admissibility, we agree with Fontenot that this information could be relevant to the issue of willfulness and will grant the motion to compel a response to Request for Production No. 49. Safety Council should produce any documents in its possession and, if no such documents exist, should so formally respond.

> **Request for Production No. 50:** Provide every document regarding the implementation of plans to assure that pay disparity issues such as those that arose as a result of the transition from Madelyn H. Wills to Robert J. McCorquodale did not reoccur.

Safety Council objects to this request for the same reasons as stated above. Fontenot contends that "upon information and belief, the Safety Council did not take any steps to educate its directors" to make sure the same disparities in pay that occurred between Wills and McCorquodale did not happen again. Doc. 54, att. 1, p. 3.

Again, we find that this type of information could be relevant to the issue of willfulness and pretextual methods of setting salaries. For these reasons, we will grant the motion to compel a response to Request for Production No. 50. Safety Council should produce any documents in its possession and, if no such documents exist, should so formally respond.

> **Request for Production No. 51:** Provide every document indicating that the board of director's members who voted on Joni Fontenot's pay for her position as Chief Operating Officer had all received and/or been educated regarding issues of Equal Pay/Compensation Discrimination.

In regard to this request the parties make the same arguments as stated above in response to Request for Production No. 49. For the reasons given, we will grant the motion to compel a response to Request for Production No. 51. Safety Council should produce any documents in its possession and, if no such documents exist, should so formally respond.

### III.
#### ATTORNEY FEES AND COSTS

Both parties have requested that the court award attorney's fees and costs associated with the filing and/or opposition to the motion to compel. Docs. 54, 68. Because the court finds the position of both parties substantially justified we decline to award any attorney's fees or costs.

### IV.
#### CONCLUSION

For the reasons stated the motion is **GRANTED** in the particulars set forth above and **DENIED** in all other respects. The Safety Council shall comply with this order within five (5) days of the date of signature.

All request for attorney's fees and costs are **DENIED**.

THUS DONE AND SIGNED in Chambers this 9th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE