UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONI FONTENOT | * | CIVIL ACTION NO. 2:16-CV-84 |
| | * | |
| v. | * | |
| | * | JUDGE BROWN |
| SAFETY COUNCIL OF SOUTHWEST LOUISIANA | * | |
| | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

*************************************************************************

## ORDER

Before the Court is Plaintiff Joni Fontenot's ("Fontenot") "Motion in Limine to Exclude Comparing or Tethering Joni Fontenot's Payments to Her Predecessor."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

Fontenot is the Chief Operating Officer ("COO") of Defendant Safety Council of Southwest Louisiana ("Safety Council").[2] Fontenot filed suit against Safety Council on January 19, 2016, alleging that Safety Council paid her differently than her male predecessor, Robert McCorquodale ("McCorquodale"), in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and that Safety Council retaliated against her after she complained of discrimination.[3] Safety Council has responded that McCorquodale paid himself unauthorized amounts and that

---

[1] Rec. Doc. 57.

[2] Joint Pretrial Statement (Rec. Doc. 101) at 2–3.

[3] *Id.* at 3.

1

those amounts were not based on the terms of his contract.[4] On June 28, 2017, the Court granted Fontenot's motion for partial summary judgment, finding that Fontenot had established a *prima facie* case of wage discrimination under the EPA.[5] On July 7, 2017, Fontenot filed the instant motion in limine.[6] Safety Council filed an opposition to the motion on July 21, 2017.[7]

## II. Parties' Arguments

A.   *Fontenot's Arguments in Support of the Motion in Limine*

Fontenot moves the Court to issue an Order excluding evidence, testimony, and argument related to "comparing or tethering" Fontenot's payments to McCorquodale's payments and any "speculation" of what McCorquodale's payments might have been had Safety Council paid him pursuant to his 2005 contract.[8] Fontenot claims such evidence is based on speculation rather than fact and is, thus, irrelevant.[9] In the alternative, Fontenot argues that even if speculation as to what McCorquodale would have been paid pursuant to his 2005 contract were relevant, comparing those hypothetical payments to what Fontenot was paid would prejudice the jury by misleading and confusing them.[10]

Fontenot asserts that because she has established a *prima facie* case under the EPA, the burden of proof shifts to Safety Council to prove one of four affirmative defenses, *i.e.* that she was

---

[4] *See e.g.*, Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 33) at 3.

[5] Rec. Doc. 49 at 24.

[6] Rec. Doc. 57.

[7] Rec. Doc. 83.

[8] Rec. Doc. 57; Rec. Doc. 57-1 at 1–2.

[9] Rec. Doc. 57-1 at 1–2.

[10] *Id.* at 2.

paid less than McCorquodale pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex (the "catch-all" defense).[11] First, Fontenot argues that comparing or tethering Fontenot's pay to what McCorquodale would have been paid is not relevant to any of the first three defenses, because Safety Council did not set Fontenot's pay pursuant to a system.[12] Second, Fontenot argues that such evidence is not necessary to support Safety Council's argument as to the "catch-all" defense that it wanted to "tighten the reigns" after it discovered McCorquodale's overpayments.[13] Third, Fontenot argues that introducing such evidence would confuse the jury and mislead them into thinking Fontenot's pay was set pursuant to a system.[14]

Fontenot contends that there is no evidence that Safety Council set Fontenot's pay pursuant to a system.[15] Fontenot claims that a seniority system considers length of service,[16] and that a merit system requires evidence of predetermined guidelines and criteria.[17] Fontenot further claims that an employer subject to the EPA is required to keep records relating to such systems.[18] Fontenot asserts that no records evidencing a system exist and that the deposition testimony of Safety Council's board members demonstrates that they did not set Fontenot's pay pursuant to a system.[19]

---

[11] *Id.* at 2, 7 (citing 29 U.S.C. § 206).

[12] *Id.* at 3.

[13] *Id.* at 8.

[14] *Id.*

[15] *Id.* at 3, 5.

[16] *Id.* at 3 (citing *Seniority System*, Black's Law Dictionary (10th ed. 2014).

[17] *Id.* at 4 (citing *Ryduchowski v. Port Auth. of N.Y. & N.J.*, 203 F.3d 135, 142–43 (2d Cir. 2000); *Schulte v. Wilson Indus., Inc.*, 547 F. Supp. 324, 341 (S.D. Tex. 1982)).

[18] *Id.* at 4–5 (citing 29 C.F.R. § 1620.32).

[19] *Id.* at 5.

3

Rather, Fontenot argues that Safety Council set Fontenot's pay based on the biased, subjective determinations of the members of the committee that hired her.[20]

Next, Fontenot argues that McCorquodale's salary under the terms of his 2005 contract are not relevant to Safety Council's "catch-all" affirmative defense.[21] Fontenot contends that there is evidence that Safety Council approved McCorquodale's payments[22] until the Safety Council board learned that McCorquodale had spent a large sum of money at a casino, at which point Safety Council decided to "tighten the reigns."[23] Fontenot concedes that evidence relating to Safety Council's desire to "tighten the reigns" and whether McCorquodale's payments were authorized is relevant.[24] However, Fontenot argues that evidence as to what McCorquodale would have been paid pursuant to his 2005 contract is not required to prove that McCorquodale took more than he was supposed to take.[25] Fontenot asserts it would be sufficient to show that he withdrew thousands of dollars at a casino without authority.[26] According to Fontenot, after "determining they needed to reign in" McCorquodale, Safety Council did not consider any "rules, guidelines, comparisons, past methods or otherwise consider anything that would fit into the ordinary meaning of the word 'system.'"[27] Therefore, Fontenot argues, any speculation as to what McCorquodale should have

---

[20] *Id.*

[21] *Id.* at 7.

[22] *Id.* Fontenot relies on Safety Council's reporting to the IRS during the last three full years that McCorquodale was employed as CEO (Exh. H); the responsibilities of members of Safety Council's executive board to approve pay increases and conduct semiannual financial reviews (Exh. I); and the fact that the EPA requires employers to maintain records of wage payments, (29 C.F.R. § 1620.32). *Id.*

[23] *Id.* at 8.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 9.

4

made is irrelevant, and any "tethering" of Fontenot's payments to those numbers is improper and should be excluded from evidence.[28]

Finally, Fontenot suggests that introducing such evidence will confuse, mislead, and prejudice the jury.[29] For example, Fontenot contends that Safety Council will attempt to argue that Fontenot's starting salary of $95,000 was "fair and proper" because her predecessor should have earned $94,873 in his sixth year.[30] Fontenot contends that this analogy will appear logical to the jury when in fact it is "irrelevant and confusing data" because the salaries were not based on a system.[31]

### B. *Safety Council's Arguments in Opposition to Fontenot's Motion in Limine*

In opposition, Safety Council argues that Fontenot's motion should be denied, because the evidence she seeks to exclude is relevant to its defense that the pay differential between Fontenot and her predecessor was based on a factor other than sex.[32] Safety Council further argues that it is not prohibited from showing the jury Fontenot's salary and McCorquodale's approved salary side-by-side to prove the amount of any salary differential.[33] Safety Council contends that Fontenot is improperly attempting to limit evidence so that she can mislead the jury by suggesting that McCorquodale's "W-2/990 Forms," reflect McCorquodale's correct salary, when in fact, Safety Council argues, they reflect the unauthorized payments that McCorquodale issued to himself.[34]

---

[28] *Id.*

[29] *Id.* at 6.

[30] *Id.*

[31] *Id.*

[32] Rec. Doc. 83 at 5.

[33] *Id.* at 2–3.

[34] *Id.* at 3–4.

Safety Council claims that the facts of the case, including the deposition testimony of McCorquodale, support its position that McCorquodale overpaid himself.[35]

Safety Council further avers that the report and testimony of its fact and expert witness, John McDonald, CPA, should be admitted in its entirety because McDonald's projections of McCorquodale's "approved" salary "are based on the black and white terms of McCorquodale's contract."[36] Safety Council claims that it is undisputed that McDonald's expert report properly compares McCorquodale's approved salary with Fontenot's approved salary, because the report is "based upon a variety of undisputed facts," which Safety Council claims show that McCorquodale's overpayments were not approved after 2005.[37] Further, Safety Council asserts that its executive board did not learn of McCorquodale's overpayments until an investigation in 2011.[38] For these reasons, Safety Council argues the motion should be denied.[39]

### III. Law & Analysis

*A.    Legal Standard*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence

---

[35] *Id.* at 4 (citing the deposition of Robert J. McCorquodale (Exh. 1); Affidavit of John H. McDonald (Rec. Doc. 33-1)).

[36] *Id.* at 3.

[37] *Id.* at 6. In further support, Safety Council claims that McCorquodale, himself, has conceded this point and that Fontenot's expert, Israel Lowery, has stated that he has no basis for disputing McDonald's findings. *Id.* (citing Rec. Doc. 52-1 at 15–23).

[38] *Id.* at 6–7.

[39] *Id.* at 8.

6

or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not admissible. Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[40] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[41]

## B. Analysis

Fontenot seeks the exclusion of argument, testimony, and evidence relating to projections of McCorquodale's salary under his 2005 contract and comparison of those projections with what Fontenot was paid.[42] Fontenot argues that what McCorquodale should have been paid, pursuant to the terms of his 2005 contract, is not relevant to any of Safety Council's affirmative defenses and contends that, even if it is relevant, such evidence would mislead the jury and cause prejudice and confusion.[43] In opposition, Safety Council argues that the motion should be denied, as such evidence is relevant to its affirmative defense that the pay differential between Fontenot and her predecessor was based on a factor other than sex.[44]

---

[40] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[41] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[42] Rec. Doc. 57.

[43] *Id.* at 2.

[44] Rec. Doc. 83 at 5.

The Court notes that Fontenot has already met her burden to show that she was paid differently than McCorquodale.[45] Because Fontenot has proved a *prima facie* case of pay discrimination under the EPA, the burden shifts to Safety Council to prove via one of four affirmative defenses that such pay differential was not in violation of the EPA.[46] As noted *supra*, Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Here, Safety Council maintains that the pay differential between Fontenot and her predecessor was due to a factor other than sex, *i.e.* because McCorquodale issued unauthorized payments to himself.[47] Safety Council has further argued that it wanted to "reign in" the position of the chief officer, particularly relating to the compensation it offered via the terms of the employment contract, in light of Safety Council's discovery of McCorquodale's overpayments.[48] Projections of McCorquodale's pay pursuant to the terms of his 2005 contract and comparison between those projections and what Fontenot was paid could tend to make Safety Council's assertion that Fontenot was paid differently than McCorquodale due to a factor other than sex more probable.[49] Accordingly, such evidence would be relevant to Safety Council's affirmative defense.

Finally, Fontenot contends that such evidence will confuse and mislead the jury, as the evidence is speculative.[50] However, Fontenot is free to make such an argument to the jury at trial.

---

[45] *See* Rec. Doc. 49 at 24.

[46] *See King v. Univ. Healthcare Sys., L.L.C.*, 645 F.3d 713, 723 (5th Cir. 2011).

[47] *See e.g.*, Rec. Doc. 83 at 4.

[48] *See e.g.*, Rec. Doc. 82 at 7.

[49] *See* Fed. R. Evid. 401.

[50] *See* Rec. Doc. 57-1 at 6.

As noted *supra*, "[r]elevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[51] Fontenot has not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[52] Accordingly, the Court hereby denies Fontenot's motion.

### IV. Conclusion

For the reasons stated above, the Court finds that projections as to McCorquodale's pay under the terms of his contract may be relevant to Safety Council's affirmative defense that the pay differential between Fontenot and McCorquodale was due to a factor other than sex. For the same reasons, the Court finds that a comparison of McCorquodale's projected pay and Fontenot's pay may be relevant. Fontenot has not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Accordingly,

**IT IS HEREBY ORDERED** that Fontenot's "Motion in Limine to Exclude Comparing or Tethering Joni Fontenot's Payments to Her Predecessor"[53] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 11th day of August, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[51] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[52] *See* Fed. R. Evid. 403.

[53] Rec. Doc. 57.