UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONI FONTENOT | * | CIVIL ACTION NO. 2:16-CV-84 |
| v. | * | |
| | * | JUDGE BROWN |
| SAFETY COUNCIL OF SOUTHWEST LOUISIANA | * | |
| | * | MAGISTRATE JUDGE KAY |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ORDER

Before the Court is Plaintiff Joni Fontenot's ("Fontenot") "Motion in Limine to Exclude Portions of John McDonald's Expert Report."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the pending motion.

## I. Background

Fontenot is the Chief Operating Officer ("COO") of Defendant Safety Council of Southwest Louisiana ("Safety Council").[2] Fontenot filed suit against Safety Council on January 19, 2016, alleging that Safety Council paid her differently than her male predecessor, Robert McCorquodale ("McCorquodale"), in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and that Safety Council retaliated against her after she complained of discrimination.[3] Safety Council has responded that McCorquodale paid himself unauthorized amounts and that

---

[1] Rec. Doc. 58.

[2] Joint Pretrial Statement (Rec. Doc. 101) at 2–3.

[3] *Id.* at 3.

1

those amounts were not based on the terms of his contract.[4] On June 28, 2017, the Court granted Fontenot's motion for partial summary judgment, finding that Fontenot had established a *prima facie* case of wage discrimination under the EPA.[5] On July 7, 2017, Fontenot filed the instant motion in limine.[6] Safety Council filed an opposition to the motion on July 21, 2017.[7]

## II. Parties' Arguments

### A. *Fontenot's Arguments in Support of her Motion in Limine*

Fontenot moves the Court to issue an Order excluding portions of the expert report and testimony of Safety Council's expert, John McDonald, a CPA.[8] Specifically, Fontenot moves for the exclusion of the portion of Safety Council expert John McDonald's ("McDonald") report and McDonald's testimony that projects what McCorquodale's salary might have been under a 0% and a 3% annual salary increase based on the salary set forth in McCorquodale's 2005 employment contract.[9] Fontenot first contends that these projections are irrelevant and will not help the jury understand evidence or an issue in dispute because "comparing or tethering" Fontenot's payments to McCorquodale's payments is improper.[10] Second, Fontenot argues that McDonald's projections

---

[4] *See e.g.*, Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 33) at 3.

[5] Rec. Doc. 49 at 24.

[6] Rec. Doc. 58.

[7] Rec. Doc. 84.

[8] Rec. Doc. 58-1 at 1.

[9] *Id.* at 2–3.

[10] *Id.* at 2. In support of this argument, Fontenot adopts and incorporates her memorandum in support of her "Motion in Limine to Exclude Comparing or Tethering Joni Fontenot's Payments to Her Predecessor" (the "Tethering Motion in Limine"). *Id.* (adopting Rec. Docs. 57-1—57-12). Similar to the instant motion, the Tethering Motion in Limine challenged the relevance of evidence relating to projections of what McCorquodale might have been paid pursuant to his 2005 employment contract. *See* Rec. Doc. 57. The motion also challenged the relevancy of comparing those projections to the payments that Fontenot received. *Id.* Because the Court has already considered the arguments and evidence presented in Fontenot's Tethering Motion in Limine when ruling on that motion, filed contemporaneously with the instant Order, the Court need not duplicate its summary and analysis in the instant Order.

are not based on fact and, thus, Safety Council seeks to introduce them for the purpose of improperly bolstering its case.[11]

Fontenot argues that these projections are not properly admitted as expert testimony.[12] Fontenot cites Federal Rule of Evidence 702 for the proposition that "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if … the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]"[13] Fontenot also asserts that an expert's testimony should be excluded when it is "not based upon facts in the record but on altered facts and speculation designed to bolster [a party's] position[.]"[14]

Fontenot claims that McCorquodale was not paid a salary that was based on a 0% or a 3% annual salary increase.[15] Therefore, Fontenot argues, McDonald's projections are not relevant and are not supported by facts, but are used merely to bolster Safety Council's case.[16] Fontenot further contends that any probative value of these projections is outweighed by prejudice and confusion of the jurors.[17] For these reasons, Fontenot moves the Court to exclude McDonald's testimony and expert report regarding projections of what McCorquodale's salary might have been assuming a 0% and a 3% annual salary increase.[18]

---

[11] Rec. Doc. 58-1 at 2.
[12] *Id.* at 1–2.

[13] *Id.* at 1 (citing Fed. R. Evid. 702).

[14] *Id.* at 1–2 (citing *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013) (internal quotation and citation omitted)).

[15] *Id.* at 2–3.

[16] *Id.*

[17] *Id.* at 3.

[18] *Id.*

**B.     *Safety Council's Arguments in Opposition to Fontenot's Motion in Limine***

In opposition, Safety Council contends that Fontenot is attempting to mislead the jury "by suggesting that undisputedly ***unapproved*** payments that McCorquodale made to himself should be treated as McCorquodale's correct salary."[19] Safety Council contends that the "undisputed" evidence in this case, other than the W-2 and 990 forms showing McCorquodale's pay, confirm that McCorquodale's salary was subject to his 2005 contract.[20] Safety Council claims that McDonald's expert report is based on "undisputed facts," such as the fact that McCorquodale's last approved contract was dated 2005 and that there was no approval of salary increase or other payments after 2005.[21] Safety Council further claims that McDonald's expert report presents "pay scenarios" based on "McCorquodale's actual, approved contract."[22] Safety Council asserts that McCorquodale himself has conceded that payments he made to himself were not approved, and that Fontenot's expert, Israel Lowery ("Lowery"), has acknowledged that he has no basis for disputing McDonald's findings that the payments were not approved.[23] Thus, Safety Council argues, it is "undisputed" that McDonald's report includes proper comparisons of the approved salaries of McCorquodale and Fontenot.[24]

Safety Council further argues that McDonald's expert report presents the "***only*** accurate and relevant information that would allow the jury to understand what McCorquodale's approved

---

[19] Rec. Doc. 84 at 2. Safety Council adopts and incorporates its memorandum in opposition to Fontenot's Tethering Motion in Limine. *Id.* at 1 (adopting Rec. Doc. 83). The Court has already considered Safety Council's arguments in that memorandum relating to Fontenot's Tethering Motion in Limine. *See* n. 9, *supra*.

[20] Rec. Doc. 84 at 2.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 2–3.

[24] *Id.* at 3.

4

salary was."[25] Safety Council claims it is "fundamentally wrong" to allow Fontenot to present evidence of McCorquodale's pay that reflects unapproved amounts "in violation" of McCorquodale's contract.[26] For these reasons, Safety Council argues, Fontenot's motion should be denied.[27]

### III. Law & Analysis

#### A. *Legal Standard for Relevant Evidence*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not admissible. Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[28] "Relevant evidence is inherently

---

[25] *Id.* The Court notes that Safety Council raises an argument as to the admissibility of the pay scenario comparisons provided in Lowery's expert report. *Id.* This is the subject of a separate *Daubert* motion. Rec. Doc. 52. As Safety Council's arguments regarding Lowery do not impact the Court's ruling in the instant matter, the Court will not consider those arguments at this time.

[26] Rec. Doc. 84 at 3–4.

[27] *Id.* at 4.

[28] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

5

prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[29]

### B. *Legal Standard for Admission of Expert Testimony*

The district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony.[30] Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.[31]

In *Daubert v. Merrell Down Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 requires the district court to act as a "gatekeeper" to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."[32] The overarching goal "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the

---

[29] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[30] *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000).

[31] Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[32] *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (clarifying that the court's gatekeeping function applies to all forms of expert testimony).

6

relevant field."[33] The court must also determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence – in other words, whether it is relevant.[34]

A court's role as a gatekeeper does not replace the traditional adversary system,[35] and "[a] review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."[36] "[W]hile exercising its role as a gatekeeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits."[37] When facts are in dispute, the fact-finder is entitled to hear an expert's testimony and decide what weight, if any, to accord it, which includes a consideration of whether the facts on which the expert relied are accurate.[38] As the Supreme Court noted in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[39]

## C.    *Analysis*

Fontenot moves the Court to issue an Order excluding the portion of McDonald's expert report and related testimony that projects what McCorquodale's salary would have been if he had received annual salary increases of 0% and 3%.[40] First, Fontenot argues that these projections are

---

[33] *Kumho Tire*, 526 U.S. at 152.

[34] *See Daubert*, 509 U.S. at 591; Fed. R. Evid. 702.

[35] *See Daubert*, 509 U.S. at 596.

[36] Fed. R. Evid. 702 advisory committee's note to 2000 Amendments.

[37] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002).

[38] *Id.; see also* Fed. R. Evid. 702 advisory committee's notes.

[39] *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[40] Rec. Doc. 58-1 at 2–3.

7

irrelevant and should be excluded under Rule 402.[41] Second, Fontenot argues that the projections are not based on fact and should be excluded under Rule 703(c).[42] In opposition, Safety Council argues that such evidence is relevant, as it relates to the approved salary of McCorquodale, based on the terms of his contract, and the fact that no salary increase was authorized after 2005.[43]

The Court first considers whether McDonald's projections are relevant. In a prior Order, the Court has already held that evidence of what McCorquodale would have made under the terms of his contract may be relevant to Safety Council's affirmative defense.[44] McCorquodale's contract includes a provision of a minimum 3% annual salary increase.[45] Thus, McDonald's projections of a 3% annual salary increase may be relevant to Safety Council's affirmative defense that McCorquodale was paid more than he should have been under the terms of his contract. The provision of a 3% annual salary increase in McCorquodale's employment contract also includes the language "upon approval by the President of the Executive Board."[46] Safety Council has argued that it never approved an increase in salary after the year 2005, and thus, contends that projections of a 0% annual salary increase are relevant.[47] The Court also notes that Safety Council has previously argued, in support of its affirmative defense that Fontenot's pay was based on factors other than sex, that Safety Council's hiring committee may have discussed what McCorquodale

---

[41] *Id.* at 2.

[42] *Id.* at 3.

[43] Rec. Doc. 84 at 2–3.

[44] *See* the Court's Order denying Fontenot's "Motion in Limine to Exclude Comparing or Tethering Joni Fontenot's Payments to Her Predecessor" (Rec. Doc. 57).

[45] *See* McCorquodale's Employment Contract (Rec. Doc. 27-13) at 2.

[46] *See id.*

[47] Rec. Doc. 84 at 2–3.

8

should have been making when considering what Fontenot should be paid.[48] Fontenot has not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[49]

Next, the Court considers whether McDonald's testimony is admissible under Rule 703. Fontenot does not argue that McDonald lacks the knowledge, skill, experience, training, or education to testify as an expert witness in this case. Moreover, as discussed *supra*, it may be necessary for the trier of fact to consider payments which were made over the course of several years. Thus, the Court finds that expert testimony which projects payment amounts may assist the trier of fact in understanding the evidence and determining the facts relating to Safety Council's affirmative defense.[50]

Fontenot contends that McDonald's projections are not based on sufficient facts as required by Rule 702(b).[51] McCorquodale's 2005 employment contract, which has been produced, includes the provision that he will receive a minimum 3% annual increase in salary.[52] Thus, McDonald relied on facts in the record when making projections as to what McCorquodale might have earned under the scenario of a 3% annual salary increase. The employment contract also includes language that an increase is made "upon approval by the President of the Executive Board."[53] McDonald

---

[48] *See* Rec. Doc. 82 at 7.

[49] *See* Fed. R. Evid. 403.

[50] *See* Fed. R. Evid. 702(a).

[51] *See* Fed. R. Evid. 702(b).

[52] *See* McCorquodale Employment Contract (Rec. Doc. 27-13) at 2.

[53] *See id.*

further relies on the outcome of a 2011 investigation into Safety Council's 2010 accounting, during which McDonald's firm found no "documentation or other information" that Safety Council authorized any salary increase for McCorquodale after 2005.[54] Thus, McDonald relied on facts in the record when making projections as to what McCorquodale might have earned under the scenario of a 0% annual salary increase.[55]

The Court notes that the parties dispute whether, and to what extent, McCorquodale's actual pay was authorized by Safety Council; however, McDonald's projections are based on evidence submitted in the record. When facts are in dispute, the factfinder is entitled to hear an expert's testimony and decide what weight, if any, to accord it, which includes a consideration of whether the facts on which the expert relied are accurate.[56] Accordingly, the Court will not exclude McDonald's projections of a 0% and a 3% annual salary increase.

## IV. Conclusion

For the reasons stated above, the Court finds that McDonald's projections of McCorquodale's pay under a 0% annual salary increase and a 3% annual salary increase are relevant to Safety Council's affirmative defense, and will assist the trier of fact to understand the evidence or to determine a fact in issue. The Court also finds that the projections are based on sufficient facts in the record. Accordingly,

---

[54] *See* Rec. Doc. 57-3.

[55] *See id.*

[56] *Pipitone*, 288 F.3d at 250.

**IT IS FURTHER ORDERED** that Fontenot's "Motion to Exclude Portions of John McDonald's Expert Report"[57] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 14th day of August, 2017.

                                                    **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[57] Rec. Doc. 58.