UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONI FONTENOT | * | CIVIL ACTION NO. 2:16-CV-84 |
| | * | |
| v. | * | |
| | * | JUDGE BROWN |
| SAFETY COUNCIL OF SOUTHWEST | * | |
| LOUISIANA | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

*************************************************************************

## ORDER

Before the Court is Plaintiff Joni Fontenot's ("Fontenot") "Motion in Limine to Exclude Expert Report and Testimony of Betty Raglin."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

### I. Background

Fontenot is the Chief Operating Officer ("COO") of Defendant Safety Council of Southwest Louisiana ("Safety Council").[2] Fontenot filed suit against Safety Council on January 19, 2016, alleging that Safety Council paid her differently than her male predecessor in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and that Safety Council retaliated against her after she complained of discrimination.[3] On June 28, 2017, the Court granted Fontenot's motion for partial summary judgment, finding that Fontenot had proved a *prima facie* case of wage

---

[1] Rec. Doc. 56.

[2] Joint Pretrial Statement (Rec. Doc. 101) at 2–3.

[3] *Id.* at 3.

1

discrimination under the EPA.[4] On July 7, 2017, Fontenot filed the instant motion in limine.[5] Safety Council filed an opposition to the motion on July 21, 2017.[6]

## II. Parties' Arguments

### A. *Fontenot's Arguments in Support of the Motion in Limine*

Fontenot moves the Court to issue an Order excluding any evidence, testimony, conclusions, or findings of attorney, Betty A. Raglin ("Raglin"), because they are not relevant and any probative value is outweighed by prejudice and confusion of the jurors.[7] Fontenot asserts that attorneys may not testify as to their legal opinions, because the judge is the only source of the law.[8] Therefore, Fontenot requests the court to exclude Raglin's legal opinions.[9]

### B. *Safety Council's Arguments in Opposition to Fontenot's Motion in Limine*

In opposition, Safety Council argues that it obtained Raglin as an expert in tax law to rebut the legal opinion issued by Fontenot's expert, Israel Lowery ("Lowery"), in his expert report.[10] Safety Council claims that Lowery made an improper and incorrect legal conclusion regarding a treasury regulation that is irrelevant to an EPA claim.[11] Safety Council asserts that if the Court excludes Lowery's "legal opinion," which is the subject of a *Daubert* motion filed by Safety

---

[4] Rec. Doc. 49 at 24.

[5] Rec. Doc. 56.

[6] Rec. Doc. 81.

[7] Rec. Doc. 56.

[8] Rec. Doc. 56-1 at 2 (citing *Tessier v. Moffatt*, No. 98-0116, 2000 WL 35725886, at *1 (E.D. La. Feb. 25, 2000)).

[9] *Id.*

[10] Rec. Doc. 81 at 1.

[11] *Id.* at 3. The Court notes that Safety Council has included in its memorandum arguments related to its *Daubert* motion on this issue. *See* Rec. Doc. 52. As these arguments do not affect the outcome of the instant motion, the Court will address these arguments in a separate ruling on that motion.

Council,[12] then Safety Council will not need to rebut his opinion with the opinion of its tax law expert, Raglin.[13]

### III. Law & Analysis

#### A. *Legal Standard*

The district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony.[14] Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.[15]

"When evaluating expert testimony, the overarching concern is whether or not it is relevant and reliable."[16] An attorney may testify as an expert witness as to legal matters that involve a question

---

[12] Rec. Doc. 52.

[13] Rec. Doc. 81 at 5.

[14] *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000).

[15] Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[16] *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (citing *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224–227 (5th Cir. 2007).

3

of fact.[17] "Nevertheless, an expert may never render conclusions of law."[18] The law requires only one spokesperson, the judge.[19]

*B. Analysis*

Fontenot moves the Court to exclude the evidence, testimony, conclusions, or findings of attorney Raglin, because Fontenot asserts that her legal opinions will not assist the trier of fact to understand the evidence or to determine a fact in issue, and expert witnesses may not render conclusions of law.[20] In opposition, Safety Council contends that Raglin's testimony is necessary to rebut the improper legal conclusions of Fontenot's expert witness, Lowery, if admitted.[21]

Neither party argues that Raglin would testify as to anything other than legal conclusions regarding the treasury regulation at issue. It thus appears that Raglin's testimony is not offered as to any issue of fact regarding the treasury regulation. On review of Raglin's affidavit,[22] the Court finds that Raglin's statements bear solely on the applicability and interpretation of the treasury regulation at issue. Because such statements will not assist the trier of fact to understand evidence or determine a fact in issue,[23] and because expert witnesses may not render conclusions of law,[24] the Court will exclude Raglin's testimony, evidence, conclusions, or findings as to the applicability and interpretation of the treasury regulation. Moreover, in a prior Order, the Court determined that

---

[17] *Askanase v. Fatjo*, 130 F.3d 657, 672 (5th Cir. 1997).

[18] *Goodman*, 571 F.3d at 399.

[19] *Askanase*, 130 F.3d at 673.

[20] Rec. Doc. 55-1 at 1–2.

[21] Rec. Doc. 81 at 3.

[22] Deposition of Israel Lowery (Rec. Doc. 52-3) at Exh. 4.

[23] Fed. R. Evid. 702(a).

[24] *Goodman*, 571 F.3d at 399.

4

to the extent Lowery offers legal conclusions as to a treasury regulation, such evidence is properly excluded.

## IV. Conclusion

The Court finds that Raglin's testimony, which solely renders conclusions of law, will not assist the trier of fact to understand evidence or determine a fact in issue. Accordingly,

**IT IS HEREBY ORDERED** that Fontenot's "Motion in Limine to Exclude Expert Report and Testimony of Betty Raglin"[25] is **GRANTED**.

New Orleans, Louisiana, this 16th day of August, 2017.

*Nannette Jolivette Brown*
NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[25] Rec. Doc. 56.