# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

JONI FONTENOT       *    CIVIL ACTION NO. 2:16-CV-84
            *
v.                 *
            *    JUDGE BROWN
SAFETY COUNCIL OF SOUTHWEST    *
LOUISIANA           *
            *    MAGISTRATE JUDGE KAY
            *
            *

**********************************************************************

## ORDER

Before the Court is Defendant Safety Council of Southwest Louisiana's ("Safety Council") "Motion in Limine" seeking to exclude certain allegedly irrelevant and/or prejudicial evidence proffered by Plaintiff.[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I.  Background

Joni Fontenot ("Fontenot") is the Chief Operating Officer ("COO") of Safety Council.[2] Fontenot filed suit against Safety Council on January 19, 2016, alleging that Safety Council paid her differently than her male predecessor in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and that Safety Council retaliated against her after she complained of discrimination.[3] On June 28, 2017, the Court granted Fontenot's motion for partial summary judgment, finding that Fontenot had proved a *prima facie* case of wage discrimination under the EPA.[4] On July 7, 2017,

---

[1] Rec. Doc. 53.

[2] Joint Pretrial Statement (Rec. Doc. 101) at 2–3.

[3] *Id.* at 3.

[4] Rec. Doc. 49 at 24.

1

Safety Council filed the instant motion in limine.[5] Fontenot filed an opposition to the motion on July 21, 2017.[6] With leave of Court, Safety Council filed a reply thereto, on July 25, 2017.[7]

## II.  Parties' Arguments

### A.  Safety Council's Arguments in Support of the Motion in Limine

Safety Council moves the Court to issue an Order excluding as irrelevant: (1) evidence relating to and prospective testimony of former Safety Council employees Sherelyn Kight ("Kight"), Madelyn Wills ("Wills"), and Mason Lindsey ("Lindsey") (collectively "former employees"); (2) evidence relating to Robert McCorquodale's ("McCorquodale") "improperly inflated" salary and/or compensation; and (3) evidence relating to salary or compensation of any person at any other employer besides Safety Council.[8]

#### 1.  Evidence Relating to Kight, Wills, and Lindsey[9]

Safety Council asserts that any evidence of alleged violations of the EPA in relation to former Safety Council employees Kight, Wills, or Lindsey is irrelevant, because the only salaries at issue are those of Fontenot and McCorquodale.[10] Safety Council contends that Fontenot seeks to introduce evidence that: (1) "Kight may have complained that her salary set by McCorquodale was less than the salary McCorquodale set for an unidentified male employee;"[11] (2) "Safety

_____

[5] Rec. Doc. 53.

[6] Rec. Doc. 82.

[7] Rec. Doc. 93.

[8] Rec. Doc. 53.

[9] Safety Council moves the Court to exclude evidence as to these former employees as well as any similar evidence. Rec. Doc. 53-1 at 8.

[10] *Id.* at 9.

[11] *Id.* (citing Memorandum in Opposition to the Defendant's Motion for Partial Summary Judgment (Rec. Doc. 34) at 3–4.

Council had 'concerns' about McCorquodale's salary as compared to his female predecessor[, Wills];"[12] and (3) "[Fontenot's] subjective impression that former employee [Lindsey] was paid more than [Fontenot] for different work because he was male."[13] Safety Council asserts that because Fontenot has proven a *prima facie* case under the EPA, Safety Council has the burden at trial to prove that it paid Fontenot differently than McCorquodale pursuant to a non-discriminatory reason.[14] Safety Council asserts that evidence regarding the salaries of former employees is not relevant to whether Safety Council paid Fontenot differently due to her gender.[15]

Safety Council asserts that such evidence is not only irrelevant but could "splinter the trial" into "mini trials," forcing Safety Council to respond to each witness's claims.[16] Safety Council further argues that any such anecdotal evidence is more prejudicial than probative.[17] Safety Council contends that this proposition applies with greater force for the exclusion of any hearsay testimony relating to former employees.[18] Safety Council avers that it should not be required to conduct mini trials regarding its former employees that would further tend to confuse and mislead the jury, and waste time.[19]

---

[12] *Id.* (citing Memorandum in Opposition to the Defendant's Motion for Partial Summary Judgment (Rec. Doc. 34) at 3–4.

[13] *Id.* (citing Excerpts from Deposition of J. Fontenot (Exh. A) at 81–82 (hereinafter "Fontenot Deposition")).

[14] *Id.* at 8 (citing *Tex. Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

[15] *Id.* at 8–9.

[16] *Id.* at 9–10 (citing *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000)).

[17] *Id.* at 10 (citing *Hardy v. Fed. Express Corp.*, No. Civ.A. 97-1620, 1998 WL 419716, at *5 (E.D. La. July 21, 1998)).

[18] *Id.* at 11.

[19] *Id.*

Further, Safety Council asserts that the salaries of Kight and Lindsey are irrelevant because they were set by the CEO, McCorquodale, and not by Safety Council, through its executive board.[20] Safety Council cites its 2007 by-laws for the proposition that its chief executive, alone, is responsible for setting employees' compensation.[21] Thus, Safety Council contends, if it did not set the salaries of Kight and Lindsey, then their salaries are not probative of whether Safety Council paid Fontenot less than McCorquodale.[22]

Similarly, Safety Council contends that McCorquodale, as CEO, was responsible for setting Fontenot's salary in her position prior to becoming COO.[23] Safety Council asserts that Fontenot intimates that Lindsey was paid more than Fontenot because he was male.[24] However, Safety Council argues that Fontenot and Lindsey held different positions with differing responsibilities, and thus, a comparison of their salaries is inappropriate and not relevant to her EPA claim.[25]

### 2. Evidence Relating to McCorquodale's "Improperly-Inflated" Salary or Compensation

Safety Council moves the Court to issue an Order excluding testimony or evidence relating to McCorquodale's salary as reflected on his W-2s and Safety Council's Form 990s, because it claims that such evidence would waste time and confuse and mislead the jury.[26] Safety Council claims it is undisputed that these documents reflect inflated and unapproved salary amounts,

---

[20] *Id.*

[21] *Id.* (citing 2007 Safety Council By-Laws (Rec. Doc. 27-11) at Art. II, Sec. 6).

[22] *Id.* at 11–12.

[23] *Id.* at 12.

[24] *Id.*

[25] *Id.* at 12–13 (citing *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1133–34 (5th Cir. 1983)).

[26] *Id.* at 14, 15.

because McCorquodale paid himself excessive amounts without Safety Council's knowledge or approval.[27] Safety Council contends that Fontenot is disregarding the investigation into McCorquodale's misconduct and his resignation, and further that Fontenot's expert, Israel Lowery ("Lowery"), knows that the documents on which he based his expert report reflect distorted and unapproved amounts.[28]

Safety Council asserts that McCorquodale's "financial misconduct" is not at issue in this matter, and, thus, the only relevance of this evidence is to Safety Council's affirmative defense that it paid Fontenot differently than McCorquodale to prevent any similar future misconduct.[29] Further, Safety Council argues that this evidence would mislead the jury, by suggesting that the pay disparity between Fontenot and McCorquodale is greater than it is.[30] Finally, Safety Council argues that the introduction of such evidence would waste time by creating a "mini trial" on the issue of McCorquodale's "misconduct."[31] Therefore, Safety Council argues that evidence related to McCorquodale's salary that include unauthorized payments should be excluded under Federal Rule of Evidence 403.[32]

### 3. Evidence Relating to Salaries of Individuals not Employed by Safety Council

Safety Council moves the Court to issue an Order excluding, as irrelevant, testimony or evidence relating to salaries of individuals not employed by Safety Council.[33] Safety Council

---

[27] *Id.* at 13–14.

[28] *Id.* at 15.

[29] *Id.* at 14–15.

[30] *Id.* at 15.

[31] *Id.*

[32] *Id.* at 15–16.

[33] *Id.* at 16.

asserts that the EPA provides a "geographic limitation" such that it limits a comparison of the plaintiff's salary and position to those of a comparator employee who works in the same establishment as the plaintiff and for the same employer.[34] For this reason, Safety Council argues that the salaries paid by other entities are irrelevant, and thus, evidence and testimony related to such salaries should be excluded.[35]

## B. Fontenot's Arguments in Opposition to Safety Council's Motion in Limine

### 1. Evidence Relating to Kight, Wills, and Lindsey

Fontenot contends that Safety Council has already made its arguments respecting the former employees in its memoranda in support of its motion for partial summary judgment,[36] and that the Court entered an Order "explain[ing] why the issues" are relevant.[37] Fontenot adopts her memorandum in opposition to Safety Council's motion for partial summary judgment,[38] as well as the Court's Order denying the motion.[39] Fontenot further notes that there are outstanding subpoenas duces tecum requesting documents as to Kight, Wills, and Lindsey.[40]

Fontenot also asserts that evidence as to Lindsey's salary is relevant to whether Safety Council's proffered defense is pretextual.[41] Fontenot claims that a Safety Council director, Larry

---

[34] *Id.* (citing 29 U.S.C. § 206(d)(1); *Mulhall v. Advance Sec., Inc.,* 19 F.3d 586, 590 (11th Cir. 1994); *Ebbert v. Nassau Cty.*, No. 05-CV-5445, 2009 WL 935812, at *3 (E.D.N.Y Mar. 31, 2009)).

[35] *Id.* at 17.

[36] Rec. Doc. 78 at 1, 2, 3 (citing Rec. Docs. 28, 36).

[37] *Id.* at 2, 3, 4 (citing Rec. Doc. 50).

[38] *Id.* (adopting Rec. Doc. 34).

[39] *Id.* (adopting Rec. Doc. 50).

[40] Rec. Doc. 78 at 2, 3, 4. Fontenot contends that she is aware of documents pertaining to Kight, but on the advice of her attorney was to produce them through Safety Council's attorney. *Id.* at 2. She further contends the documents have not yet been produced. *Id.*

[41] *Id.* at 4.

DeRoussel ("DeRoussel") admitted, but later retracted, during his deposition that Safety Council's hiring committee reviewed Lindsey's salary to ensure that Fontenot's salary as COO would exceed Lindsey's.[42] Fontenot argues that setting Fontenot's pay in this manner is evidence suggesting that Safety Council's proffered affirmative defense is mere pretext.[43] This is so, Fontenot argues, because the evidence demonstrates that Fontenot's salary as COO perpetuates the discrimination established by McCorquodale, as CEO, when he continually paid Lindsey at higher rates than Fontenot.[44]

### 2. Evidence Relating to McCorquodale's Salary and Compensation and Evidence Relating to Salaries Paid by Other Entities

In opposition, Fontenot contends that Safety Council argues the same issues it argued in its "Motion to Exclude the Opinions and Testimony of Israel Lowery."[45] Accordingly, Fontenot adopts her memorandum in opposition to that motion.[46] In that memorandum, Fontenot argued that salaries reflected on Safety Council's records are properly admissible as McCorquodale's actual pay.[47] Fontenot also argued that evidence relating to salaries paid by other entities was properly admissible, because her expert used those salaries as a way to check the reasonableness of his projections of McCorquodale's future pay when calculating pay scenarios for the jury's consideration of back pay.[48]

---

[42] *Id.* (no citation).

[43] *Id.*

[44] *Id.*

[45] *Id.* at 5 (citing Rec. Doc. 52).

[46] *Id.* (adopting Rec. Doc. 77).

[47] Rec. Doc. 77 at 4–9.

[48] *Id.* at 1 (citing Lowery Report (Exh. 1) at 2).

Fontenot argued that Safety Council suggests that when considering damages, the jury should consider the payments Safety Council intended to pay McCorquodale instead of the amounts that Safety Council actually paid McCorquodale.[49] Fontenot cited 29 C.F.R. § 1620.10 for the proposition that, under the EPA, "wages" generally includes all payments made to an employee as remuneration for employment.[50] Fontenot further asserted that an employer subject to the EPA is required to keep records relating to, *inter alia*, the payment of wages and wage rates.[51]

Fontenot claimed that Safety Council alleges that it failed to maintain accurate books, but asserted that a jury's calculations of back pay must only be reasonable and supported by the evidence presented in the record, and that all uncertainties should be resolved against the discriminating employer.[52] Fontenot argued that the W-2s and Form 990s reflect the actual wages paid by Safety Council.[53] Fontenot further claimed that Safety Council had the responsibility to approve McCorquodale's pay and did not prevent McCorquodale from giving himself payment increases.[54] In further support, Fontenot asserted that McCorquodale claims that Safety Council knew of his payment increases.[55] Finally, Fontenot argued that the presumption should be that Safety Council's records are accurate.[56]

---

[49] *Id.* at 5.

[50] *Id.*

[51] *Id.* at 6 (citing 29 U.S.C.A. § 211; 29 C.F.R. § 1620.32).

[52] *Id.* at 8 (citing *Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993)).

[53] *Id.* at 7.

[54] *Id.*

[55] *Id.*

[56] *Id.*

### C. Safety Council's Arguments in Further Support of the Motion in Limine

In reply, Safety Council contends that Fontenot did not address the authority regarding the exclusion of anecdotal evidence that Safety Council cited in its memorandum in support of the instant motion, nor did Fontenot cite any law supporting her position.[57] Safety Council further argues that Fontenot "misconstrues" the Court's Order denying Safety Council's partial motion for summary judgment on the issue of whether Safety Council had not willfully violated the EPA.[58] Safety Council contends that the Court did not rule on the relevance of evidence relating to Kight, Wills, or Lindsey.[59] Safety Council also contends that Fontenot's reference to any outstanding document requests relating to Kight is a red herring, because the existence of any such documents does not make evidence relating to Kight relevant.[60]

Finally, Safety Council argues that, in responding to the relevance of Lindsey's salary, Fontenot ignores Fifth Circuit jurisprudence that a comparison of the salaries of co-workers of the opposite sex but in different positions with different duties is irrelevant to an EPA claim,[61] and further that Fontenot cites no evidence or legal authority to support her arguments that evidence

---

[57] Rec. Doc. 93 at 1–2.

[58] *Id.* at 2.

[59] *Id.*

[60] *Id.* at 3. Safety Council further asserts that Fontenot's contention that Safety Council did not produce documents which Fontenot had provided to them is false because Fontenot never provided such documents. *Id.* (citing Memorandum in Support of Motion for Leave to Supplement Reply to Safety Council's Memorandum in Opposition to Plaintiff's Motion to Compel (Rec. Doc. 85-1)). The Court notes that Fontenot, as COO of Safety Council, is in the position to provide Safety Council's documents to its attorney who may then provide such documents to Fontenot's attorney during discovery. *See id.*

[61] *Id.* at 4 (citing *Plemer*, 713 F.2d at 1133–34).

of Lindsey's salary is relevant.[62] Safety Council claims it is undisputed that it paid Fontenot, as

COO, more than Lindsey, and that such evidence does not support her argument of pretext.[63]

## III.  Law & Analysis

### A.  Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency

to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence

is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence

or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not

admissible. Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence

if its probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of

evidence under Rule 403 should occur only sparingly[.]"[64] "Relevant evidence is inherently

prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which

permits exclusion of relevant matter under Rule 403."[65]

---

[62] *Id.* at 3–5.

[63] *Id.* at 5.

[64] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[65] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

## B. Analysis

### 1. Evidence Relating to Kight, Wills, and Lindsey

Safety Council moves the Court to issue an Order excluding evidence relating to Kight, Wills, and Lindsey.[66] Safety Council contends that evidence relating to the salaries of Kight and Lindsey is irrelevant, because their salaries were not set by Safety Council, acting through its executive board, but by McCorquodale, as CEO.[67] Safety Council also contends that any comparison of Fontenot's and Lindsey's salaries prior to Fontenot becoming COO is irrelevant, because their positions and duties were different.[68] Finally, Safety Council contends that any anecdotal evidence related to Kight, Wills, and Lindsey would create mini trials, forcing Safety Council to respond to each claim, and would thus waste time and confuse the jury.[69] In opposition, Fontenot argues that evidence relating to Kight, Wills, and Lindsey is relevant to whether Safety Council willfully violated the EPA.[70] Fontenot also argues that evidence relating to Lindsey's salary and whether Safety Council considered his salary when setting Fontenot's salary as COO is relevant to whether Safety Council's proffered affirmative defense is pretext for discrimination.[71]

In the Court's Order denying Safety Council's motion for partial summary judgment, the Court considered evidence relating to Kight and Wills, which was offered to demonstrate that Safety Council had twice considered whether its pay practices were in violation of the EPA.[72] The

---

[66] Rec. Doc. 53-1 at 9, 11.

[67] *Id.* at 11–12.

[68] *Id.* at 12–13 (citing *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1133–34 (5th Cir. 1983)).

[69] *Id.* at 9–11.

[70] Rec. Doc. 78 at 1–4.

[71] *Id.* at 4.

[72] *See* Rec. Doc. 50 at 17.

Court held that such evidence created a genuine dispute of material fact as to whether Safety Council acted willfully by recklessly disregarding whether what it paid Fontenot was in violation of the EPA.[73] In accord with that decision, the Court finds that evidence which tends to show whether Safety Council acted in reckless disregard of violating the EPA is relevant to whether Safety Council violated the EPA. Accordingly, the Court will not exclude evidence as to complaints or issues involving unequal pay on the basis of sex discrimination that were considered by Safety Council.[74]

Fontenot asserts that before she became COO of Safety Council, Lindsey, a male employee, was always paid more than she was paid.[75] Thus, Fontenot argues, if Safety Council considered Lindsey's salary when determining what to pay her as COO, then Safety Council is perpetuating past prejudice, which is relevant to whether Safety Council's proffered affirmative defense is pretext for discrimination.[76] Evidence which tends to show that Safety Council set Fontenot's pay based on the basis of her gender is probative of pretext. Thus, if the evidence pertaining to Safety Council's consideration of Lindsey's salary shows that Safety Council based Fontenot's pay on gender, the evidence is relevant and the Court will not exclude it.

---

[73] *Id.* (citing *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 (5th Cir. 2009); *Reich v. Bay Inc.*, 23 F.3d 110, 117 (5th Cir. 1994); *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 333 (5th Cir. 2015) for the proposition that evidence of an employer's action or inaction after notice of a complaint of unequal pay is relevant to whether an employer willfully violated the EPA by recklessly disregarding whether its pay practices were in violation of the EPA).

[74] The Court notes that Safety Council has also asserted that the specific evidence that Fontenot has proffered regarding Kight and Wills is hearsay. Rec. Doc. 53-1 at 9. At this time, the Court limits its ruling as to the general relevancy of such evidence and does not consider the admissibility of any particular piece of evidence under any other Federal Rule of Evidence.

[75] Rec. Doc. 78 at 4.

[76] *Id.*

Pursuant to Federal Rule of Evidence 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by, *inter alia*, wasting time or confusing or misleading the jury.[77] Safety Council contends that allowing anecdotal evidence relating to issues of unequal pay regarding Kight, Wills, and Lindsey will create mini trials and, therefore, should be excluded under Rule 403.[78] Safety Council cites *Wyvill v. United Companies Life Insurance Co.*, asserting that the Fifth Circuit has held that anecdotal evidence as to discrimination against other employees is not probative on the issue of whether the plaintiff faced discrimination and substantially prejudices the defendant by forcing it to respond to each witness's claims.[79]

In *Wyvill*, the plaintiffs had offered anecdotal testimony from and about former employees as evidence that the defendant had a "pattern or practice" of discriminating against older workers.[80] The Fifth Circuit stated:

> Anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff. This court and others have held that testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether age was a determinative factor in the plaintiff's discharge.[81]

The Fifth Circuit found that none of the anecdotal evidence involved employees who were similarly situated to the plaintiffs, and thus, the "mini-trials" created by the testimony were not

---

[77] Fed. R. Evid. 403.

[78] Rec. Doc. 53-1 at 9–11.

[79] *Id.* at 10 (citing 212 F.3d at 303–04) (citing for the same proposition *Hardy*, 1998 WL 419716, at *5).

[80] 212 F.3d at 302.

[81] *Id.* (citations omitted).

probative to the plaintiff's assertion that the defendant had a "pattern or practice" of age discrimination.[82] The Fifth Circuit held that the "mini-trials" substantially prejudiced the defendant who was forced to respond to each witness's claims.[83]

The evidence that Safety Council challenges in the instant matter is readily distinguishable from the anecdotal evidence in *Wyvill*. First, as discussed *supra*, the Court has already determined that the evidence relating to Kight and Wills is probative of whether Safety Council willfully violated the EPA. Second, Fontenot is not offering such evidence to prove that Safety Council discriminated against her based on a "pattern or practice" of gender discrimination. Rather, Fontenot has argued that such evidence is probative of whether Safety Council willfully violated the EPA by recklessly disregarding whether its pay practices violated the EPA. This argument speaks to Safety Council's knowledge of whether its pay practices were in violation of the EPA, and does not hinge on whether Safety Council actually violated the EPA with regards to Kight and Wills.[84] Third, the evidence relating to Lindsey likewise is not offered for the purpose of demonstrating a "pattern or practice" of Safety Council's gender discrimination. Rather, Fontenot has argued that Safety Council considered Lindsey's salary in setting Fontenot's such that it constituted Safety Council setting Fontenot's pay based on how much another male employee was paid. Thus, unlike in *Wyvill*, Safety Council will not have to defend itself against claims that it discriminated against Lindsey. Accordingly, the Court will not exclude evidence relating to Kight, Wills, and Lindsey on the basis of confusing or misleading the jury and wasting time.

---

[82] *Id.* at 302–03.

[83] *Id.* at 303.

[84] *See Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 (5th Cir. 2009); *Reich v. Bay Inc.*, 23 F.3d 110, 117 (5th Cir. 1994); *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 333 (5th Cir. 2015) for the proposition that evidence of an employer's action or inaction after notice of a complaint of unequal pay is relevant to whether an employer willfully violated the EPA by recklessly disregarding whether its pay practices were in violation of the EPA.

## 2. Evidence Relating to McCorquodale's Pay As Reflected in Safety Council's Tax Records

Safety Council argues that evidence relating to McCorquodale's pay that includes payments that Safety Council contends were not authorized should be excluded, because it will waste time by creating a "mini trial" on the issue of McCorquodale's misconduct and will confuse and mislead the jury to believe that the pay disparity between Fontenot and McCorquodale is larger than it actually is.[85] In opposition, Fontenot argues that there is evidence in the record that Safety Council approved the amounts that McCorquodale was actually paid as reflected on his W-2s and Safety Council's Form 990s, and thus, the jury is entitled to consider those amounts when considering the issue of back pay.[86]

The Court notes that the parties vigorously dispute to what extent McCorquodale's actual payments were authorized by Safety Council. It is clear from the parties' briefings in this case that this is a central factual issue of Fontenot's claims regarding the amount of pay disparity and of Safety Council's defense as to why it paid Fontenot differently than McCorquodale. These disputed issues of fact are for the jury to decide. Therefore, evidence of what McCorquodale was actually paid, as evidenced by Safety Council's tax records, is relevant. Further, because such evidence is relevant to a central question of fact for the jury to decide, the introduction of such evidence will not confuse or mislead the jury or waste time by creating a mini trial on the issue of McCorquodale's misconduct. Accordingly, the Court will not exclude evidence relating to the amount of pay McCorquodale actually received.

---

[85] Rec. Doc. 53-1 at 15.

[86] Rec. Doc. 77 at 5–9.

### 3. Evidence of Pay Rates at Other Entities

Safety Council argues that pay rates at other entities are not relevant to whether Safety Council paid Fontenot differently than McCorquodale in violation of the EPA, because the EPA provides a "geographic limitation" to a comparison of employees in the same establishment with the same employer.[87] In opposition, Fontenot argues that such pay rates are admissible because her expert, Lowery, uses them as a way to check the reasonableness of his calculations of McCorquodale's future pay.[88]

Fontenot has not argued that she intends to use evidence of pay rates at other entities for any purpose other than as her expert's method for ensuring the reasonableness of his calculations of McCorquodale's future pay.[89] The Court has already concluded that such evidence is admissible.[90] However, the Court agrees that evidence of pay rates outside of Safety Council are not relevant to the issues of whether Safety Council paid Fontenot in violation of the EPA, nor should the jury use those amounts to calculate any amount of back pay owed to Fontenot. The Court finds that proper jury instructions will prevent the jury from being confused and misled about the relevance and applicability of those numbers to the facts it must decide. Accordingly, the Court will not exclude evidence relating to pay rates at other entities for the purpose of demonstrating the reasonableness of Lowery's calculations of McCorquodale's future pay.

---

[87] Rec. Doc. 53-1 at 16–17.

[88] Rec. Doc. 77 at 1–2.

[89] *See* Rec. Doc. 78 (adopting Rec. Doc. 77).

[90] *See* the Court's Order granting in part and denying in part Safety Council's "Motion to Exclude the Opinions and Testimony of Israel Lowery" (Rec. Doc. 52) filed contemporaneously with this Order.

## IV.  Conclusion

For the reasons stated above, the Court will not exclude evidence relating to Kight, Wills, and Lindsey, because such evidence is relevant to issues of pretext and willfulness and will not confuse or mislead the jury or waste time. The Court will also not exclude evidence relating to the amount that McCorquodale was actually paid, because the Court finds such evidence is relevant to the factual issues underlying Safety Council's affirmative defense and damages. Finally, the Court will not exclude evidence relating to pay rates at other entities other than Safety Council, because they are relevant to the reliability of Fontenot's expert, Lowery, and because proper jury instructions will prevent the jury from being misled or confused.

**IT IS HEREBY ORDERED** that Safety Council's "Motion in Limine"[91] is **DENIED**.

New Orleans, Louisiana, this 18th day of August, 2017.

NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[91] Rec. Doc. 53.