UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONI FONTENOT | * | CIVIL ACTION NO. 2:16-CV-84 |
| | * | |
| v. | * | |
| | * | JUDGE BROWN |
| SAFETY COUNCIL OF SOUTHWEST | * | |
| LOUISIANA | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

**ORDER**

Before the Court is Defendant Safety Council of Southwest Louisiana's ("Safety Council") "Motion *in Limine* to Exclude Opinions and Legal Conclusions of Robert Bertrand,"[1] wherein Safety Council requests the Court to exclude the opinions and legal conclusions of Plaintiff Joni Fontenot's ("Fontenot") fact witness, Robert Bertrand ("Bertrand"), or in the alternative to exclude Bertrand's testimony in its entirety. Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the pending motion.

**I.   Background**

Fontenot is the Chief Operating Officer ("COO") of Safety Council.[2] Fontenot filed suit against Safety Council on January 19, 2016, alleging that Safety Council paid her differently than her male predecessor in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and that Safety Council retaliated against her after she complained of discrimination.[3] On August 11, 2016, the matter was set for a jury trial on May 22, 2017, in Lake Charles, Louisiana, before Judge

---

[1] Rec. Doc. 129.

[2] Joint Pretrial Statement (Rec. Doc. 101) at 2–3.

[3] *Id.* at 3.

1

Minaldi.[4] On March 14, 2017, the Court entered a Scheduling Order, resetting the trial in this matter for August 21, 2017.[5] The Scheduling Order provides that the plaintiff shall furnish to the defendant the names of expert witnesses no later than seventy-five days before trial.[6] The Scheduling Order further provides that the parties shall identify all witnesses in their pretrial statements, due twenty-eight days before trial.[7] On March 15, 2017, the case was reassigned to Judge Brown of the Eastern District of Louisiana with an Order that the Local Rules of the Western District of Louisiana continue to apply to the case.[8] On July 14, 2017, the trial was continued to August 28, 2017, with pretrial deadlines unchanged.[9]

With leave of Court, the parties submitted their Joint Pretrial Statement on July 27, 2017, in which Fontenot listed Bertrand as a "will call" fact witness.[10] Fontenot provided a paragraph describing Bertrand:

> Robert Bertrand was formerly employed by the Safety Council. He worked with both Fontenot and McCorquodale and has knowledge of the facts and circumstances, including but not limited to, their job duties, roles and responsibilities, as well as the growth of the Safety Council since Fontenot took over as Chief Officer of the Council, as well as statements made by Mason Lindsay and information regarding Sherelyn Kight.[11]

---

[4] Rec. Doc. 10.

[5] Rec. Doc. 18.

[6] Rec. Doc. 18-1 at 2.

[7] *Id.*

[8] Rec. Doc. 19.

[9] Rec. Doc. 66.

[10] Rec. Doc. 101 at 16.

[11] *Id.*

On August 14, 2017, Safety Council filed the instant motion *in limine* to exclude opinions and legal conclusions of Bertrand.[12] Fontenot filed an opposition to the motion on August 22, 2017.[13] With leave of Court, Safety Council filed a reply thereto on August 24, 2017.[14]

On August 25, 2017, due to exigencies associated with Hurricane Harvey, the trial of this matter was continued to October 23, 2017.[15]

## II. Parties' Arguments

### A. Safety Council's Arguments in Support of the Motion in Limine

Safety Council moves the Court to issue an Order excluding the opinions and legal conclusions of Fontenot's designated fact witness, Bertrand,[16] asserting that his testimony consists of inadmissible lay opinions and improper legal conclusions.[17] In the alternative, Safety Council moves the Court to exclude the entirety of Bertrand's testimony, arguing that Bertrand "possesses little or no first-hand knowledge of any facts relevant to this matter."[18]

Based on Bertrand's deposition testimony, Safety Council contends that Bertrand may offer expert opinions on discrimination.[19] Safety Council asserts that a lay witness may not offer expert witness testimony or legal conclusions,[20] and further asserts that the testimony of a Human

---

[12] Rec. Doc. 129.

[13] Rec. Doc. 137.

[14] Rec. Doc. 141.

[15] Rec. Doc. 143.

[16] In November 2014, Robert Bertrand started as Human Resources and Training Manager at Safety Council. Deposition of Robert Bertrand (Rec. Doc. 129-2) at 8 (hereinafter "Bertrand Deposition").

[17] Rec. Doc. 129 at 1–2.

[18] *Id.* at 2.

[19] Rec. Doc. 129-1 at 2, 4, 5.

[20] *Id.* at 6 (citing *United States v. El-Mezain*, 664 F.3d 467, 511–12 (5th Cir. 2011)).

3

Resources expert generally will not help the trier of fact because human resources issues are within the understanding of the average lay person.[21] Safety Council argues that Bertrand was not designated as an expert, and any testimony he might offer on discrimination would not assist the trier of fact, but would only provide impermissible legal conclusions.[22]

Safety Council further contends that Bertrand does not have personal knowledge of facts listed by Fontenot in her description of Bertrand's anticipated testimony, as set forth in the Joint Pretrial Statement.[23] Safety Council claims that Fontenot incorrectly described Bertrand as having worked with Fontenot's predecessor, Robert McCorquodale ("McCorquodale"), and having information relating to Sherelyn Kight ("Kight").[24] Safety Council further suggests that Fontenot's description is incorrect as to Bertrand's information regarding McCorquodale because Bertrand admitted at his deposition that he did not have personal knowledge of "McCorquodale's duties, responsibilities, or salary, the change in duties and responsibilities during the transition from Wills to McCorquodale, or the financial irregularities that occurred during the latter portion of McCorquodale's tenure."[25] Safety Council asserts that pursuant to Federal Rule of Evidence 701, a lay witness may only offer opinions that are rationally based on the perception of the witness.[26] Safety Council claims that Bertrand does not have personal knowledge relating to McCorquodale and Kight, and further, that the information he has relating to Mason Lindsay ("Lindsay") is

---

[21] *Id.* at 8–9 (citing *Wilson v. Muckala*, 303 F.3d 1207, 1218 – 19 (10th Cir. 2002); *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 608 (7th Cir. 2006); *Brink v. Union Carbide Corp.*, 41 F. Supp. 2d 402, 405 (S.D.N.Y. 1997); *Neely v. PSEG Tex., LP*, MO-10-CV-030, 2012 WL 12877923, at *2, *3 (W.D. Tex. May 29, 2012)).

[22] *Id.* at 9.

[23] *Id.* at 7–8.

[24] *Id.* at 7 (citing Joint Pretrial Statement (Rec. Doc. 101 at 16)).

[25] *Id.*

[26] *Id.* at 6 (citing Fed. R. Evid. 701).

hearsay.[27] Therefore, Safety Council contends that Bertrand lacks knowledge of facts as to these issues, and any opinions he may offer on these issues are inadmissible as they are not "based on the perception of the witness."[28]

## B. *Fontenot's Arguments in Opposition to the Motion in Limine*

In opposition, Fontenot asserts that she is not offering Bertrand as an expert witness, but as a fact witness to testify as to facts of which he has personal knowledge.[29] Fontenot claims that the inadmissible legal conclusions that Bertrand offered at his deposition were responses to questions asked by Safety Council.[30] However, Fontenot asserts that, due to the position he held as Human Resources and Training Manager of Safety Council, Bertrand has personal knowledge of relevant facts, including employee contracts, Fontenot's job responsibilities and performance, and "occurrences" at Safety Council.[31]

Fontenot further argues that Bertrand should be allowed to offer lay opinions that are based on his perception.[32] Fontenot asserts that a lay witness may offer testimony in the form of an opinion that is "rationally based on the witness's perception;" "helpful to clearly understand the witness's testimony or to determine a fact at issue;" and "not based on scientific, technical, or other specialized knowledge[.]"[33] Fontenot asserts that a lay witness's testimony is rationally based

---

[27] *Id.* at 7–8 (citing Bertrand Deposition (Exh. 1) at 13–15, 31, 40–41, 46, 69, 70–71).

[28] *Id.*

[29] Rec. Doc. 137 at 2.

[30] *Id.*

[31] *Id.* at 2–3.

[32] *Id.* at 3.

[33] *Id.* (citing Fed. R. Evid. 701).

5

"where it is based upon personal observation and recollection of concrete facts"[34] and that a lay witness may give descriptive testimony "which necessarily incorporates judgment as to characteristics of environment, objects, or persons."[35] According to Fontenot, Bertrand acquired relevant information through his regular job duties as Human Resources and Training Manager of Safety Council, including testimony as to training, employee contracts, Fontenot's job responsibilities and performance, and other information he acquired from employee files, and should, therefore, be allowed to offer his lay opinions and testimony regarding such information.[36]

### C. Safety Council's Arguments in Further Support of the Motion in Limine

Safety Council claims that Fontenot seeks to introduce Bertrand's lay opinions which are drawn from employee files and are, therefore, not based on personal perception.[37] Safety Council claims that a fact witness's lay opinions may not be "merely inferred from other evidence."[38] Safety Council re-asserts its argument that Bertrand "possesses almost no first-hand, personal knowledge of any relevant facts."[39] Therefore, Safety Council argues, Bertrand's opinions that are based on employee files should be excluded because they will not assist the trier of fact as the jury is in as good a position as Bertrand to determine the significance of any documentary evidence.[40]

---

[34] *Id.* (citing *United States v. Beck*, 418 F.3d 1008 (9th Cir. 2005)).

[35] *Id.* at 3–4 (citing *Gov't of Virgin Islands v. Caines*, 512 F.2d 311 (3d Cir. 1975)).

[36] *Id.* at 4.

[37] Rec. Doc. 141 at 1.

[38] *Id.* (citing *United States v. Jackson*, 849 F.3d 540, 554 (3d Cir. 2017)).

[39] *Id.* at 2.

[40] *Id.* (citing *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997)).

### III. Law & Analysis

#### A. *Legal Standard*

Pursuant to Federal Rule of Evidence 701, a witness, who is not testifying as an expert, may offer testimony in the form of opinions that are:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[41]

The difference between "lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field."[42] "It is generally prohibited for a lay witness to interpret statutes and to give legal opinions."[43]

#### B. *Analysis*

Safety Council moves the Court to issue an Order excluding the lay opinions and legal conclusions of Fontenot's fact witness, Bertrand.[44] Safety Council contends that Bertrand was not designated as an expert and, moreover, that the testimony of a discrimination or human resources expert will not assist the trier of fact, but will instead provide impermissible legal conclusions.[45]

---

[41] Fed. R. Evid. 701.

[42] *U.S. v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (citing Fed. R. Evid. 701 advisory committee's notes) (internal quotations omitted).

[43] *El-Mezain*, 664 F.3d at 511.

[44] Rec. Doc. 129.

[45] Rec. Doc. 129-1 at 8–10.

In the alternative, Safety Council suggests that Bertrand's entire testimony should be excluded because he possesses little personal knowledge of the facts on which he opines.[46] Safety Council also asserts that Bertrand's opinions that are inferred from employee files will not assist the trier of fact because the jury is in as good a position as Bertrand to determine the significance of documentary evidence.[47]

In opposition, Fontenot argues that she is not offering Bertrand as an expert witness and that any inadmissible legal conclusions Bertrand offered at his deposition were in response to Safety Council's questions.[48] However, Fontenot asserts that Bertrand may properly give opinion testimony as to information personally acquired through his regular job duties as Human Resources and Training Manager of Safety Council, which includes information relating to employee files, training, employee contracts, and Fontenot's job responsibilities and performance.[49]

First, although Safety Council asserts that Bertrand offered expert opinions and legal conclusions in his deposition testimony,[50] Fontenot claims that Bertrand offered such testimony in response to Safety Council's questions.[51] Fontenot has stated that she does not intend to call Bertrand to offer expert opinions or legal conclusions.[52] Accordingly, the Court will deny Safety Council's motion to the extent it seeks the exclusion of Bertrand's expert opinions and legal conclusions.

---

[46] *Id.* at 7–8, 10.

[47] Rec. Doc. 141 at 1–2.

[48] Rec. Doc. 137 at 2.

[49] *Id.* at 4.

[50] Rec. Doc. 129-1 at 2–4.

[51] Rec. Doc. 137 at 2.

[52] *Id.*

8

Second, Safety Council asserts that Bertrand will testify as to opinions that are not based on his personal perception and will not assist the trier of fact, thus suggesting that his testimony should be excluded entirely.[53] In response, Fontenot claims that Bertrand will testify to facts and offer his lay opinions based on his personal knowledge and perception gained through his position as Human Resources and Training Manager of Safety Council.[54] A lay witness may testify in the form of an opinion if that opinion is rationally based on his perception and is helpful to the jury to understand the witness's testimony or to determine a fact in issue.[55] Despite Fontenot's description in the Joint Pretrial Statement of Bertrand's anticipated testimony, Bertrand testified at his deposition that he has no information relating to Kight and that he did not work with McCorquodale.[56] As cited by Safety Council, Bertrand also stated that he did not have personal knowledge of how McCorquodale's duties, responsibilities, and salary compared with his predecessor's, nor of any financial irregularities just before McCorquodale left his position.[57]

However, Fontenot's description of Bertrand's information regarding McCorquodale did not specify that he had personal knowledge of McCorquodale's starting salary and job responsibilities or of any financial irregularities associated with McCorquodale.[58] Further, beyond any reference to McCorquodale or Kight, Fontenot's description of Bertrand's anticipated testimony includes that Bertrand worked with Fontenot and has "knowledge of the facts and circumstances, including but not limited to, [her] job duties, roles and responsibilities, as well as

---

[53] Rec. Doc. 129-1 at 7–8, 10; Rec. Doc. 141 at 1–2.

[54] Rec. Doc. 137 at 2.

[55] Fed. R. Evid. 701(a).

[56] *See* Bertrand Deposition (Rec. Doc. 129-2) at 13–15, 69.

[57] *See id.* at 13–15, 40–41, 47.

[58] *See* Joint Pretrial Statement (Rec. Doc. 101) at 16.

9

the growth of the Safety Council since Fontenot took over as Chief Officer of [Safety Council]."[59] Safety Council has not challenged Bertrand's testimony in those areas. Accordingly, while cautioning the parties that lay witness testimony must comport with the Federal Rules of Evidence, the Court will not exclude Bertrand's testimony in its entirety. If Bertrand offers opinions or testimony outside of the parameters of Federal Rule of Evidence 701, or any other rule, the Court will consider objections to his testimony at that time.

### IV. Conclusion

The Court finds that the issue of excluding Bertrand's expert opinions and legal conclusions is moot because Fontenot does not intend to call Bertrand to offer such testimony. Moreover, the Court will not exclude Bertrand's testimony in its entirety because the Court finds that Bertrand may have personal knowledge of matters as described in the parties' Joint Pretrial Statement. Accordingly,

**IT IS HEREBY ORDERED** that Safety Council's "Motion *in Limine* to Exclude Opinions and Legal Conclusions of Robert Bertrand"[60] is **DENIED.**

New Orleans, Louisiana, this 3rd day of October, 2017.



NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[59] *Id.*

[60] Rec. Doc. 129.