UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONI FONTENOT | * | CIVIL ACTION NO. 2:16-CV-84 |
| VERSUS | * | CHIEF JUDGE BROWN |
| SAFETY COUNCIL OF SOUTHWEST LOUISIANA | * | MAGISTRATE JUDGE KAY |

**********************************************************************

## ORDER AND REASONS

Before the Court is Plaintiff Joni Fontenot's ("Fontenot") "Motion for Attorney's Fees and Costs."[1] Having considered the pending motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part, deny it in part, and award Fontenot attorneys' fees in the amount of $105,511.00 and costs in the amount of $12,088.23.

## I. Background

On January 19, 2016, Fontenot filed suit against Safety Council of Southwest Louisiana ("Safety Council") alleging violations of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"),[2] § 215(a)(3).[3] A jury trial was held October 23–26, 2017. The jury found that Safety Council had not violated the EPA by paying Fontenot less than her male predecessor, but that Safety Council had retaliated against Fontenot because she engaged in EPA-protected activity.[4] The jury awarded Fontenot $120,000 in

---

[1] Rec. Doc. 183.

[2] In 1963, the Equal Pay Act was enacted and incorporated into § 206, "Minimum Wage," of the Fair Labor Standards Act. 77 Stat. 57 (1963).

[3] Compl. (Rec. Doc. 1).

[4] *Id.*

1

damages for Safety Council's retaliation.[5]

On November 9, 2017, Safety Council filed a Renewed Motion for Judgment as a Matter of Law and Alternative Motion for Remittitur.[6] On November 14, 2017, Fontenot filed a Motion for Liquidated Damages seeking an additional amount equal to the jury's award of $120,000, pursuant to 29 U.S.C. § 216(b), plus legal interest from the date of judgment, attorney's fees, and costs.[7] Also, on November 14, 2017, Fontenot filed a Renewed Motion for Judgment as a Matter of Law challenging the sufficiency of the evidence for the jury's finding that Safety Council had not violated the EPA.[8] On August 30, 2018, the Court denied Safety Council's Renewed Motion for Judgment as a Matter of Law and Fontenot's Renewed Motion for Judgment as a Matter of Law.[9] On August 30, 2018, the Court granted Fontenot's Motion for Liquidated Damages and awarded Fontenot $120,000 in liquidated damages.[10] The Court also found that Fontenot was entitled to post-judgment interest, attorney's fees, and costs.[11]

On November 9, 2017, Fontenot filed the instant "Motion for Attorney's Fees and Costs."[12] On November 22, 2017, Safety Council filed an opposition to the instant motion.[13] Because the

---

[5] *Id.*

[6] Rec. Doc. 182.

[7] Rec. Doc. 185.

[8] Rec. Doc. 186.

[9] Rec. Docs. 193, 194.

[10] Rec. Doc. 193.

[11] *Id.*

[12] Rec. Doc. 183.

[13] Rec. Doc. 190.

Court has already determined that Fontenot is entitled to attorneys' fees and costs, the only issue remaining before the Court is the amount of such fees.

## II. Parties' Arguments

*A.    Fontenot's Arguments in Support of the Motion for Attorney's Fees and Costs*

In the motion, Fontenot seeks attorney's fees in the amount of $178,395.00, plus an upward adjustment of $25,000.00, and costs in the amount of $12,088.23.[14] In support of the motion, Fontenot provides the following table setting forth the hours expended, prevailing rate in the community, and associated fees for: lead counsel, Timothy O'Dowd; a law clerk who became an attorney during this litigation, Jared W. Shumaker; and two paralegals:[15]

| NAME | HOURS[18] | PREVAILING RATE IN COMMUNITY | FEE |
|---|---|---|---|
| Timothy O'Dowd | 448.10 | $300.00 | $134,430.00 |
| Jared W. Shumaker (attorney after 10/20/17) | 69 | $200.00 | $13,800.00 |
| Jared W. Shumaker (law clerk until 10/20/17) | 70.7 | $100.00 | $7,070.00 |
| Paralegals | 230.95 | $100.00 | $23,095.00 |
| TOTALS | 792.05 | | $178,395.00 |

Fontenot cites an affidavit of attorney Merrick J. Norman who provides his opinion as to the usual and customary attorney's fees in Southwest Louisiana.[16] Fontenot claims that Mr. O'Dowd's practice was overwhelmed with work during the pretrial phase of this matter, which

---

[14] Rec. Doc. 183-1.

[15] *Id.* at 4 (citing Exh. 1, Atts. A, B, C, and D (the "billing records"). The chart submitted by Plaintiff indicates that the total number of hours billed was 792.05. However, the total number of hours billed is in fact 818.75 (448.10 + 69 + 70.7 + 230.95 = 818.75).

[16] *Id.* (citing Exh. 1, Att. E and Exh. 2).

3

required him to obtain assistance from other law firms in the community and to hire an associate.[17]

Fontenot claims that the following factors necessitated the hours expended: (1) "[t]he case is novel"; (2) "[t]he law is complicated and not fully developed"; (3) "[t]he case was highly contentious"; (4) "[t]he defendant contested nearly every single issue of fact"; (5) "[t]he defendant contested nearly every single issue of law"; (6) "[t]he records were voluminous"; (7) "[t]he Safety Council initially refused to provide full discovery responses necessitating motions to compel, numerous conferences and numerous rounds of discovery to obtain that which Fontenot obtained;" (8) "[m]otions to compel were required"; (9) "[t]hirteen (13) depositions were taken"; and (10) "[a]pproximately fifty-three (53) pleadings were filed."[18] Fontenot states that on review of the billing records for unproductive, duplicative, or inadequate documentation, Mr. O'Dowd found 3.1 hours without specific notation of the work performed.[19]

Next, Fontenot claims that an upward adjustment to the lodestar is warranted after considering the *Johnson* factors.[20] First, Fontenot claims that the case involved difficult legal and factual questions that support more expensive hourly rates.[21] Second, Fontenot asserts that better skill was required to uncover the subjective viewpoints of Safety Council, including through impeachment testimony at trial, which were required to prove her claims, and to oppose well-funded and skilled opposing counsel.[22] Third, Fontenot states that her counsel gave up hourly-paid work and hired outside counsel to assist with other matters during this litigation, which was based

---

[17] *Id.*

[18] *Id.* at 5.

[19] *Id.*

[20] *Id.* at 5–6.

[21] *Id.* at 6–7.

[22] *Id.* at 7.

on a contingency fee.[23] Fourth, Fontenot claims that Mr. O'Dowd has been practicing law for nearly thirty years with a high percentage of his work involving "highly complicated and highly contentious matters" that are referred to him from other counsel.[24] Fifth, Fontenot claims that contingent-fee EPA cases are undesirable and risky for plaintiff's attorneys because of the "vastness of the case law, complexity of the issues, and lack of clarity in the language of the statute," which lead to uncertain verdicts.[25] Sixth, Fontenot states that she is "an aggrieved person who could not afford counsel to protect her rights" and that she is not a long-time client of Mr. O'Dowd.[26] Accordingly, Fontenot moves the Court to award $178,395.00 in attorney's fees with an upward adjustment of $25,000.00 and costs in the amount of $12,088.23.[27]

**B.**     ***Safety Council's Arguments in Opposition to the Motion for Attorney's Fees and Costs***

Safety Council does not contest the prevailing hourly rate proffered by Fontenot.[28] However, in opposition, Safety Council disputes that Fontenot was a prevailing party in this litigation because the jury found in favor of Safety Council on Fontenot's EPA claim.[29] Safety Council also argues that the vast majority of pretrial and trial matters focused on Fontenot's unsuccessful EPA pay-disparity claim and not her retaliation claim.[30] Therefore, Safety Council

---

[23] *Id.* at 7–8.

[24] *Id.* at 9.

[25] *Id.* at 9–10.

[26] *Id.* at 10.

[27] Rec. Doc. 183-1 at 10.

[28] Rec. Doc. 190 at 19.

[29] *Id.* at 17. Safety Council also argues that the jury's verdict in favor of Fontenot on her retaliation claim and the award of $120,000 is unsupported by the evidence, and that an award of liquidated damages is neither appropriate nor warranted. *Id.* at 7–16. The Court has addressed these arguments in its Order denying Safety Council's renewed Rule 50(b) motion for judgment as a matter of law or alternatively motion for remittitur and granting Fontenot's motion for liquidated damages. Rec. Doc. 193. Accordingly, the Court does not address these arguments here.

[30] Rec. Doc. 190 at 17–20.

5

argues that any amount that the Court would award in attorney's fees should be limited to the amount related to the work in support of Fontenot's retaliation claim.[31]

Safety Council also disputes the factors that Fontenot claims warrant an upward adjustment and argues that a downward adjustment is more appropriate.[32] Safety Council claims that "virtually no time or labor was devoted to the retaliation claim," evidenced by the pre-trial work, the trial examinations and arguments, and Fontenot's attorney's billing records.[33] Safety Council also disputes that the retaliation claim was novel or complex.[34] Moreover, Safety Council asserts that no skill was required regarding the retaliation claim and that the referenced impeachment at trial related to the EPA pay-disparity claim.[35] Further, Safety Council argues that the lack of success on Fontenot's EPA pay-disparity claim supports a downward adjustment, even if the successful and unsuccessful claims were interrelated.[36] Therefore, Safety Council argues that the Court should not award attorney's fees or, alternatively, should significantly reduce the lodestar proportionate to the work done on the retaliation claim.[37]

### III. Legal Standard for Attorney's Fees and Costs

Pursuant to 29 U.S.C. § 216(b), "a reasonable attorney's fee" and costs of the action are available to a prevailing plaintiff. As the Court found in its August 30, 2018 Order, because

---

[31] *Id.* at 20.

[32] *Id.* at 20–22. Safety Council concedes that "if the Court reduces the requested fee by eliminating the charges associated with the unsuccessful pay disparity claim in computing the lodestar, then it should not replicate those reductions through the *Johnson* factors." *Id.* at 20.

[33] *Id.* at 20.

[34] *Id.*

[35] *Id.* at 21.

[36] *Id.* at 20–21 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

[37] *Id.*

6

Fontenot prevailed on her retaliation claim and was awarded monetary damages, she is entitled to attorneys' fees and costs.[38]

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge, . . . but the judge's discretion is not unlimited."[39] "The burden is on the plaintiff to demonstrate the amount of attorney's fees, including any adjustment or enhancement."[40] A court abuses its discretion when it awards attorney's fees without "a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement."[41]

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees arising under the FLSA.[42] First, a lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[43] "[T]here is a strong

---

[38] Rec. Doc. 193 at 31.

[39] *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 558 (2010) (internal quotations and citations omitted).

[40] *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 225 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 901–02 (1984)).

[41] *Perdue*, 559 U.S. at 558.

[42] Traditionally, courts have considered the factors set forth in *Johnson v. Georgia. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) when calculating attorney's fees. In *Perdue,* the Supreme Court noted that the *Johnson* factors were "[o]ne possible method" for determining reasonable attorney's fees, but that the factors "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." 559 U.S. at 550-51 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)) (internal quotation marks omitted). Since *Perdue*, however, the Fifth Circuit and the Eastern District of Louisiana have continued to weigh the *Johnson* factors when considering whether to decrease or enhance the lodestar in FLSA attorney's fee cases. *See, e.g., Ransom,* 734 F.3d at 388; *Black,* 732 F.3d at 502; *J & J Sports Prods., Ins. V. Evolution Entm't Grp., LLC,* No. 13-5178, 2014 WL 6065601, at *4 (E.D. La. Nov. 12, 2014) (Morgan, J.); *Ahmed v. Bros. Food Mart, et al.*, No. 13-5948, Rec. Doc. 33 (E.D. La. Sept. 12, 2014) (Brown, J.).

[43] *Black*, 732 F.3d at 502.

7

presumption that the lodestar figure is reasonable."[44] However, after calculating the lodestar, a district court may decrease or enhance the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[45] The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[46] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account.[47] Such reconsideration is "impermissible double-counting."[48]

## IV. Analysis

**A.** *Lodestar*

Fontenot submits that the lodestar is $178,395.00.[49] She arrives at this figure based on: (1) a $300.00 hourly rate for Mr. O'Dowd multiplied by 448.10 hours reasonably expended; (2) a $200.00 hourly rate for Mr. Shumaker, after he was sworn into the Louisiana State Bar, multiplied

---

[44] *Perdue*, 559 U.S. at 553–54.

[45] *Black,* 732 F.3d at 502 (citing *Johnson,* 488 F.2d at 717–19). *Johnson*, 488 F.2d at 717–19.

[46] *Johnson*, 488 F.2d at 717–19.

[47] *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) (citation omitted).

[48] *Id.*

[49] Rec. Doc. 183-1 at 4.

8

by 69 hours reasonably expended; (3) a $100.00 hourly rate for Mr. Shumaker, as a law clerk, multiplied by 70.7 hours reasonably expended; and (4) a $100.00 hourly rate for Mr. O'Dowd's paralegals multiplied by 230.95 hours reasonably expended.[50] Fontenot provides the affidavit of attorney Merrick J. Norman, Jr. who asserts that he "periodically conduct[s] a local hourly rate survey for complex commercial litigation" for attorneys in southwest Louisiana.[51] According to Mr. Norman, the average hourly rate for an attorney with over twenty years of experience is $317.64; the average hourly rate for an attorney with zero to ten years of experience is $197.14; and the average hourly rate for paralegals is $197.14.[52] Mr. O'Dowd submits an affidavit stating that he has been practicing law since 1988 and that he has a large amount of experience in complicated and contentious matters.[53] Safety Council does not contest the hourly rates[54] requested by Fontenot.[55] However, Safety Council disputes the hours billed because they include hours spent on Fontenot's unsuccessful EPA claim.[56]

"[T]he court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers."[57]

The Court first considers whether the number of hours expended on the case was

---

[50] *Id.*

[51] Rec. Doc. 183-3 at 2.

[52] *Id.*

[53] Rec. Doc. 183-2 at 2.

[54] Safety Council references the singular "hourly rate" and makes no further dispute as to the hourly rates submitted by Fontenot. Rec. Doc. 190 at 19. Accordingly, the Court presumes that Safety Council does not contest any of the hourly rates submitted by Fontenot.

[55] *Id.*

[56] *Id.*

[57] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

9

reasonable. Fontenot submits the billing records for Mr. O'Dowd totaling 448.10 hours, Mr. Shumaker totaling 69 hours as an attorney and 70.7 hours as a law clerk, and paralegals totaling 230.95 hours.[58] Mr. O'Dowd avers that he did not document his work for 3.1 of the hours billed,[59] however, he did not deduct those hours from the hours he used to calculate the lodestar. "The fee-seeking party must . . . show it exercised 'billing judgment' by excluding time that is unproductive, excessive, duplicative, or inadequately documented."[60] Accordingly, the Court reduces the number of hours billed by Mr. O'Dowd to 445 hours.

Safety Council does not raise objections to the total number of hours billed, only that a reasonable attorney's fee should not include hours spent on unsuccessful claims.[61] The Fifth Circuit and the Supreme Court have made clear that a plaintiff's partial or limited success is considered after calculating the lodestar.[62] Accordingly, considering the billing records provided by Fontenot, the length and complexity of this litigation, and the fact that Safety Council does not object to the total number of hours billed, the Court finds that the hours expended on the case is

---

[58] Rec. Doc. 183-1 at 4; Rec. Doc. 183-2.

[59] Rec. Doc. 183-2 at 1–2; Rec. Doc. 183-1 at 4.

[60] *Pickney v. Strategic Restaurants Acquisition Company LLC*, No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990)). *See also Saizan v. Delta Concrete Products Co., Inc.,* 448 F.3d 795, 800 (5th Cir. 2006). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgement." *Id.* Although Mr. O'Dowd failed to keep records of the work he performed for 3.1 hours, the Court will not further reduce the hours worked because Mr. O'Dowd's other records are thorough and adequately document the work performed. Furthermore, Safety Council does not object to the total number of hours billed.

[61] *See* Rec. Doc. 190 at 19. A lodestar reduction may be warranted by a plaintiff's failure to demonstrate billing judgment.

[62] *See Combs v. City of Huntington*, 829 F.3d 388, 395 (5th Cir. 2016) (stating that the district court should begin by calculating the lodestar and then consider the plaintiff's degree of success); *Hensley v. Eckerhart*, 461 U.S. 424, 433–36 (1983) ("The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' This factor is particularly crucial where a plaintiff deemed 'prevailing' even though he succeeded on only some of his claims for relief.").

reasonable.

"An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested."[63] Fontenot requests $300.00 per hour for Mr. O'Dowd, $200.00 per hour for Mr. Shumaker as an attorney, $100.00 per hour for Mr. Shumaker as a law clerk, and $100.00 per hour for paralegals.[64] Here, Mr. O'Dowd avers that his current hourly rate is $250.00, although he charges $275.00 per hour in a few other cases, and has one case for which he charges $300.00 per hour.[65] Mr. O'Dowd also avers that he bills $135.00 per hour for Mr. Shumaker and $100.00 for his paralegals.[66] Accordingly, the hourly rates requested for Mr. O'Dowd and Mr. Shumaker are not *prima facie* reasonable because they are higher than their customary billing rates.

The Court next looks to the range of prevailing market rates. Fontenot submits the affidavit of Merrick J. Norman, Jr. who avers that he has practiced complex commercial litigation in Southwest Louisiana since 1985.[67] Mr. Norman also avers that he has testified as an expert witness as to the usual and customary attorney's fees in in Southwest Louisiana, specifically, the prevailing hourly rate in the community for similar work.[68] Mr. Norman states that he conducts local hourly rate surveys for complex commercial litigation and distinguishes between attorney's length of

---

[63] *Pickney*, 2017 WL 1821125, at *2 (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)).

[64] Rec. Doc. 183-2 at 4.

[65] Rec. Doc. 183-2 at 2.

[66] *Id.* at 2–3.

[67] Rec. Doc. 183-3 at 1.

[68] *Id.* at 2.

practice.[69] According to his February 2017 survey, he has found, based on 26 attorneys with over 20 years of experience, an average hourly rate of $317.64, with a range of $175.00 to $450.00 per hour.[70] Based on 14 attorneys with 0 to 10 years of experience, Mr. Norman found an average hourly rate of $197.14, with a range of $155.00 to $300.00 per hour.[71] As for paralegals, based on 5 paralegals, Mr. Norman found an average hourly rate of $96.50, with a range of $75.00 to $100.00 per hour.[72] Safety Council does not contest the prevailing rates submitted by Fontenot.[73]

The Court has reviewed cases decided by other district judges in the Western District of Louisiana awarding attorney's fees in comparable cases. In *Pickney v. Strategic Restaurants Acquisition Company LLC*, an employment law case in the Lafayette Division involving discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), the district court found rates of $275.00 and $150.00 per hour reasonable where the case did not proceed to trial.[74] In *Howell v. Town of Ball*, the court found an hourly rate of $275.00 to be reasonable, even though it was at the high end of prevailing market rates, because the attorney had 47 years of experience in the applicable area of law, engaged in extensive pretrial discovery, dispositive motion practice, appellate practice, and a jury trial.[75] The court also noted that the circumstances underlying the

---

[69] *Id.*

[70] *Id.*

[71] *Id.*

[72] *Id.*

[73] Rec. Doc. 190 at 19.

[74] No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017).

[75] No. 12-951, 2018 WL 580055, at *3–4 (W.D. La. Jan. 26, 2018) (collecting cases).

lawsuit were complex, involving novel and challenging legal issues.[76] In *Munoz v. Bollinger Shipyards, LLC*, the court approved a settlement in a Fair Labor Standards Act case providing attorney's fees at a rate of $200 and $250 per hour.[77]

Considering Mr. O'Dowd assertion that his current hourly rate is $250.00 and that he bills $135.00 per hour for Mr. Shumaker, the hourly rates awarded in similar cases, and the affidavit of Mr. Norman, the Court will reduce Mr. O'Dowd's hourly rate to $250.00 per hour and Mr. Shumaker's hourly rate to $135.00 per hour for his work performed as an attorney. Accordingly, the Court arrives at lodestar calculation of $150,730.00, which encompasses the following: (1) a $250.00 hourly rate for Mr. O'Dowd multiplied by 445 hours; (2) a $135.00 hourly rate for Mr. Shumaker, for his work as a licensed attorney, multiplied by 69 hours; (3) a $100.00 hourly rate for Mr. Shumaker, for his work as a law clerk, multiplied by 70.7 hours; and (4) a $100.00 hourly rate for Mr. O'Dowd's paralegals multiplied by 230.95 hours reasonably expended.

**B.     *Johnson Factors***

Fontenot claims that an upward adjustment to the lodestar is warranted after considering the *Johnson* factors.[78] In response, Safety Council also disputes the factors that Fontenot claims warrant an upward adjustment and argues that a downward adjustment is more appropriate.[79]

This case required substantial time to litigate as the records were voluminous, trial lasted five days, 13 depositions were taken, approximately 53 pleadings were filed, and numerous pretrial motions were filed. However, Safety Council correctly notes that much of the time was devoted to

---

[76] *Id.* at *4.

[77] No. 15-2328, 2017 WL 5472549, at *4 (W.D. La. Oct. 19, 2017), *adopted by district court*, 2017 WL 5472573 (W.D. La. Nov. 13, 2017).

[78] Rec. Doc. 183-1 at 5–6.

[79] Rec. Doc. 190 at 20–22.

the EPA claim, on which Plaintiff did not prevail, rather than the retaliation claim, on which Plaintiff was the prevailing party. Furthermore, although the retaliation claim is not particularly complex, litigation of the claim required skill and knowledge of the law and procedure. Fontenot's counsel represents, and Safety Council does not dispute, that counsel gave up hourly-paid work and hired outside counsel to assist with other matters during this litigation. Safety Council also does not dispute Fontenot's assertion that contingent-fee EPA cases are undesirable and risky for plaintiff's attorneys.

In *Hensley v. Eckerhart*, the Supreme Court recognized that the "results obtained" is a "particularly crucial" factor for courts to consider "where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief."[80] "The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."[81] "When the documentation of hours is inadequate for the court to identify those hours spent on prevailing claims which are separate and distinct from other claims, the district court may reduce the award accordingly. Absent a reliable record of the time expended on the prevailing claim, it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim on which the party prevailed."[82]

Here, Mr. O'Dowd's billing records do not clearly distinguish between the prevailing claim and the non-prevailing claim. Two partial motions for summary judgment were litigated before trial, but neither involved the retaliation claim. Nevertheless, most of the depositions related to both claims, and the parties likely would have deposed and called many of the same witnesses at

---

[80] 461 U.S. 424, 434 (1983).

[81] *Id.*

[82] *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

14

trial even if Plaintiff had only brought a retaliation claim. Furthermore, both claims arise out of the same nucleus of facts, and much of the time spent developing the EPA claim related to the retaliation claim. Accordingly, the Court will reduce the amount of the fee award by 30 percent based on the result obtained.

## V. Conclusion

Based on the foregoing, the Court arrives at lodestar calculation of $150,730.00, which encompasses the following: (1) a $250.00 hourly rate for Mr. O'Dowd multiplied by 445 hours; (2) a $135.00 hourly rate for Mr. Shumaker, for his work as a licensed attorney, multiplied by 69 hours; (3) a $100.00 hourly rate for Mr. Shumaker, for his work as a law clerk, multiplied by 70.7 hours; and (4) a $100.00 hourly rate for Mr. O'Dowd's paralegals multiplied by 230.95 hours reasonably expended.[83] However, the Court reduces the loadstar amount by 30 percent based on the result obtained, for a total attorneys' fee award of $105,511.00. Furthermore, Safety Council does not object to an award for costs in the amount of $12,088.23. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joni Fontenot's "Motion for Attorney's Fees and Costs"[84] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Joni Fontenot is awarded attorneys' fees in the amount of $105,511.00 and costs in the amount of $12,088.23.

**NEW ORLEANS, LOUISIANA,** this  10th  day of September, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

---

[83] *Id.*

[84] Rec. Doc. 183.