# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31065

D.C. Docket No. 2:16-CV-84

United States Court of Appeals
Fifth Circuit
**FILED**
October 29, 2019
Lyle W. Cayce
Clerk

JONI FONTENOT,

    Plaintiff - Appellee Cross-Appellant

v.

SAFETY COUNCIL OF SOUTHWEST LOUISIANA,

    Defendant - Appellant Cross-Appellee

Appeals from the United States District Court for the
Western District of Louisiana

Before HIGGINBOTHAM, DENNIS, and HO, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that each party bear its own pay costs on appeal.



Certified as a true copy and issued
as the mandate on **Nov 20, 2019**

Attest:
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31065

United States Court of Appeals
Fifth Circuit
**FILED**
October 29, 2019
Lyle W. Cayce
Clerk

JONI FONTENOT,

    Plaintiff - Appellee Cross-Appellant

v.

SAFETY COUNCIL OF SOUTHWEST LOUISIANA,

    Defendant - Appellant Cross-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-84

Before HIGGINBOTHAM, DENNIS, and HO Circuit Judges.

PER CURIAM:\*

    Joni Fontenot replaced Robert McCorquodale as the head officer of the Safety Council of Southwest Louisiana in October 2011 after the council discovered McCorquodale's financial improprieties and he resigned. Fontenot's salary was less than McCorquodale's. But she had less relevant experience and education. Fontenot's contract term was three years, with the opportunity for automatic renewal absent written notice of non-renewal from

---

    \* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 18-31065    Document: 00515206458    Page: 2    Date Filed: 11/20/2019
Case 2:16-cv-00084-NJB-KK   Document 210   Filed 11/20/19   Page 3 of 6 PageID #: 3768

No. 18-31065

either her or the council. The contract also provided for a discretionary bonus. For the years 2012 through 2014, Fontenot's bonuses ranged from $9,350 to $10,000.

On September 3, 2015, Fontenot complained to the Safety Council's president, Steven Trahan, that she was making less than McCorquodale did. After the complaint, Trahan criticized Fontenot's handling of a loan with a local bank, claiming that her actions could harm the Safety Council's reputation. The Safety Council gave Fontenot a $6,000 bonus for 2015—about $4,000 below her past bonuses—but it also gave her a 6% raise for 2016. In July 2017, the council notified Fontenot that they were not going to renew her contract. Then, in October 2017, the council offered her a new one-year contract that gave her a raise and provided for termination only for cause.[1]

Fontenot sued the Safety Council in January 2016 alleging a violation of the Equal Pay Act, 29 U.S.C. § 206(d), and retaliation, 29 U.S.C. § 215(a)(3). A jury determined that the Safety Council proved its affirmative defense that the pay differential between McCorquodale and Fontenot was "pursuant to . . . a differential based on any other factor other than sex . . . ." 29 U.S.C. § 206(d)(1)(iv). It also determined that the council retaliated against Fontenot for engaging in protected activity. The jury awarded Fontenot $120,000 in damages.

The Safety Council and Fontenot renewed their motions for judgment as a matter of law attacking the adverse parts of the verdict. Fontenot also filed

---

[1] Although Fontenot's previous contract allowed the council to terminate her without cause, it required that she receive a month of notice for each year the Safety Council had employed her, with a minimum notice period of six months. The district court determined that, at the time of the trial, the previous contract would have required the council to give Fontenot seventeen months' notice before terminating her without cause, and it thus would have provided five months more guaranteed employment than the new one-year contract that Safety Council offered her.

2

Case: 18-31065    Document: 0051520 6458    Page: 3    Date Filed: 11/20/2019
Case 2:16-cv-00084-NJB-KK   Document 210   Filed 11/20/19   Page 4 of 6 PageID #: 3769

No. 18-31065

a motion for liquidated damages and attorney's fees. The district court denied both motions for judgment as a matter of law. It awarded Fontenot liquidated damages equal to the jury verdict—thus giving Fontenot $240,000 in damages. In the alternative, the district court awarded Fontenot $4,000 in damages for the reduction of her bonus, $4,000 of liquidated damages based on that reduction, and $232,000 in front pay. Finally, the district court awarded Fontenot attorney's fees, but reduced her requested hourly rate to reflect the amount her attorneys usually billed and the total fee amount because Fontenot lost her Equal Pay Act claim.

Both parties appealed those rulings adverse to them, and the Safety Council also appealed the district court's decision to admit Fontenot's expert testimony as to damages she suffered under the Equal Pay Act.

After reviewing the briefs, the applicable law, the relevant parts of the record, and hearing oral argument, we affirm the denial of the renewed motions for judgment as a matter of law, essentially on the basis the district court provided in its August 30, 2018, orders. We dismiss the council's appeal of the evidentiary ruling as moot. We also affirm the district court's award of attorney's fees, essentially on the basis the court provided in its September 10, 2018, order.

As to damages: The district court awarded Fontenot $120,000 in liquidated damages on top of the $120,000 the jury awarded. The liquidated damages rested on two retaliatory acts—the $4,000 reduction of Fontenot's bonus and the council's termination of Fontenot's contract. The latter accounts for $116,000 of the amount.

Only "wages lost" can give rise to liquidated damages. 29 U.S.C. § 216(b). "Wages lost" refers to past earnings an employer withholds. *See Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1479 (5th Cir. 1992) (refusing to award liquidated damages equal to front pay for an ADEA violation, which

3

Case: 18-31065     Document: 00515206458     Page: 4     Date Filed: 11/20/2019
Case 2:16-cv-00084-NJB-KK   Document 210   Filed 11/20/19   Page 5 of 6 PageID #: 3770

No. 18-31065

incorporates 29 U.S.C. § 216(b)'s liquidated damages provision); *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1348 (9th Cir. 1987) ("Under FLSA's remedial provisions, as incorporated into the ADEA, a violating employer is liable for wages and benefits from the date of the wrongful termination until the date of trial, as well as 'an additional equal amount as liquidated damages' . . . ."). Thus, the reduction of Fontenot's bonus—which had already occurred—gives rise to liquidated damages. But the Safety Council's termination of Fontenot—since it operated prospectively—resulted only in lost future wages. It cannot support a liquidated damages award.

But it can support an award of front pay. *See Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1469 (5th Cir. 1989) ("'Front pay' refers to future lost earnings."). And front pay is part of the district court's alternative award calculation: $4,000 for the bonus reduction, $4,000 in liquidated damages based on that reduction, and $232,000 as two years of front pay for the termination. The Safety Council's only objection to the award of front pay is that it did not terminate Fontenot. But a jury could determine that the council's non-renewal of Fontenot's contract was a termination, which is partly why the district court denied the council's motion for judgment as a matter of law. We upheld that denial and therefore affirm the district court's award of damages on the grounds stated here and by the district court.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 20, 2019

Mr. Tony R. Moore
Western District of Louisiana, Lake Charles
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 18-31065    Joni Fontenot v.
                             Safety Council of Southwest LA
                             USDC No. 2:16-CV-84

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                             Sincerely,

                             LYLE W. CAYCE, Clerk

                             By: _____
                             Rebecca L. Leto, Deputy Clerk
                             504-310-7703

cc w/encl:
    Mr. Robert E. Landry
    Mr. Timothy O'Dowd
    Mr. Peter J. Pohorelsky